GEORGE SCHURR v. THE OMAHA & ST. LOUIS RAILWAY COMPANY, Appellant.

**Railroads in Hands of Receiver:** LIABILITY FOR STOCK KILLED. Under Code, section 1289, making "any corporation operating a railway" liable, under certain circumstances, for stock killed on its right of way, *a railroad company*, while its property remains in the hands of a receiver, cannot be held liable for stock killed during the receivership.

*Appeal from Fremont District Court.*—HON. W. R. GREEN, Judge.

THURSDAY, MAY 21, 1896.

ACTION at law to recover double the amount of damages alleged to have been sustained by the plaintiff by reason of injuries to live stock caused by negligence on the part of the defendant. There was a trial by jury, and a verdict and judgment for the plaintiff. The defendant appeals.—*Reversed.*

*Theodore Sheldon* for appellant.

*C. S. Keenan* for appellee.

ROBINSON, J.—In the night of July 22, 1893, horses and colts of the plaintiff were injured, and some were killed, while on the right of way of the defendant's railway, in Mills county. Within thirty days after the accident occurred, a notice in writing, addressed to the defendant, accompanied by an affidavit, showing the injuries inflicted, and the pecuniary loss sustained by the plaintiff, was served on an agent in charge of a station on the defendant's road in Mills county. It does not appear that any attention was given to the notice. The accident occurred at a point where the right to fence the right of way existed, and where it had been fenced; but there was evidence which tended to show that a gate in the fence was in bad condition, and that the stock had entered through it onto the right of way. The verdict and judgment were for double the amount of the loss sustained by the plaintiff. The defendant denies liability, on the ground, that at the time of the accident it did not have control of the road, and that it was then being operated by J. F. Barnard, as receiver, appointed by the circuit court of the United States for the Southern district of Iowa. It is shown, without conflict in the evidence, that Barnard was appointed receiver of the road in June, 1893, that he was operating it at the time of the accident, and that the defendant had not operated it since the preceding month. The question we are required to determine is, whether, under the facts stated, the defendant is liable, under section 1289 of the Code, for the loss sustained by the plaintiff, and for the statutory penalty. The receiver was not the agent of the defendant, but acted under the direction and control of the court which appointed him. Although the defendant owned the property of which he had charge, it had no voice in its management, and could not select or direct the employes who

operated it.  It is well settled, that a railway com-
pany, "in the absence of a statute imposing liability,
is not answerable for injuries resulting from the mis-
takes or negligence of a receiver or his agents, while
operating the road."   *Godfrey v. Railway Co.*, 116 Ind.
30 (18 N. E. Rep. 61); *State v. Wabash Railway Co.*, 115
Ind. 466 (17 N. E. Rep. 909); *Metz v. Railroad Co.*, 58
N. Y. 66; *Railroad Co. v. Stringfellow*, 44 Ark. 322;
*Railroad Co. v. Dorough*, 72 Tex. 111 (10 S. W.
Rep. 711); *Murphy v. Holbrook*, 20 Ohio St. 145;
*Thurman v. Railroad Co.* 56 Ga. 376; High, Rec.,
section 396.   This action was brought under the
provisions of section 1289 of the Code, which
are as follows: "Any corporation operating a
railway, that fails to fence the same against
live stock running at large at all points where such
right to fence exists, shall be liable to the owner of
any such stock injured or killed by reason of the want
of such fence for the value of the property or damage
caused.  *  *  *  And in order to recover it shall only
be necessary for the owner to prove the injury or
destruction of his property; and if such corporation
fails to pay the value of or damage done to any such
stock within thirty days after such notice in writing,
accompanied by an affidavit of such injury or destruc-
tion, has been served on any officer, station or ticket
agent, employed in the management of the business
of the corporation in the county where the injury com-
plained of was committed, such owner shall be enti-
tled to recover double the value of the stock killed or
damage caused thereto."   The question presented to
us is not an open one in this state.   In *Brockert v.
Railway Co.*, 82 Iowa, 370 (47 N. W. Rep. 1026), the
liability of a railway company under that section, for
injuries to live stock inflicted while the railway was
being operated by a receiver, was considered at
some length, and it was held that it was not liable

in an action like this. Whether it could be made liable in any case was not decided. The rule of that case is decisive of this. The appellee claims that the receiver is a party to this action, but it is clear that he is not. The Omaha & St. Louis Railway Company alone is named as the defendant. It is true, the petition states that the stock was injured while the railway of the defendant was being operated by a receiver, but it also alleges that the train which caused the injury, was under the control of the employes of the defendant, that the accident was caused by the negligent handling of the train, and by the failure of the defendant to fence its right of way, that the notice and affidavit contemplated by the statute, were served on an agent of the defendant, and that in consequense of its failure to pay the loss within thirty days from such service, the plaintiff is entitled to recover double the amount of his loss. The cause of action is stated as against the defendant, and there is no ground for claiming that the receiver is a party to the suit. He did not appear to it, and the only answer filed was in the name of the Omaha & St. Louis Railway Company. The charge of the court to the jury did not authorize a recovery against the receiver, and the case was tried throughout by the plaintiff on the theory that the railway company was liable; and the defendant, in its answer, and by motions and requests for instructions, denied liability, and insisted that the statutory notice was not served upon any of its agents, but upon an agent of the receiver, and that a cause of action against it had not been shown. Therefore, the defendant has not waived its right to insist upon the objections now made. So far as we are advised, the railway of the defendant was being operated by the receiver when this cause was tried in the district court, and nothing to make the defendant

responsible for liabilities incurred by the receiver is shown. The judgment of the district court is REVERSED.