PERSON v. ILLINOIS CENT. R. CO. et al.

(Circuit Court, N. D. Iowa, W. D. November 1, 1902.)

1. REMOVAL OF CAUSES—DIVERSITY OF CITIZENSHIP—IMPROPER JOINDER OF PARTIES.

The joinder of the lessor with the lessee of a railroad as defendants in an action for the death of an employé of the lessee, alleged to have been due to its negligence in operating the road, where the question of the lessor's liability for such negligence is an open one, under the statutes and decisions of the state, cannot be held to have been solely for the purpose of defeating the lessee's right of removal on the ground of diversity of citizenship.

2. SAME—SEPARABLE CONTROVERSY.

An action against the lessor and lessee of a railroad, to recover for the death of an employé of the lessee alleged to have been due to its negligence in operating the road, does not involve a separable controversy which entitles the lessee to remove the cause on the ground of diversity of citizenship, where the plaintiff and lessor are citizens of the same state.

On Motion to Remand to State Court for Want of Jurisdiction.

J. D. F. Smith, for plaintiff.

W. S. Kenyon and Henderson & Frebourg, for defendants.

SHIRAS, District Judge. This action was commenced in the district court of Cherokee county, Iowa, it being averred in the petition therein filed that the plaintiff is the administrator of the estate of Magnus Person, deceased; that the Dubuque & Sioux City Railroad Company is a corporation created under the laws of the state of Iowa, and is the owner of a line of railway running from Dubuque, Iowa, to Sioux City, Iowa; that the Illinois Central Railroad Company is a

¶ 2. Separable controversy as ground for removal of cause to federal court, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Valleytown Mineral Co., 35 C. C. A. 155.

corporation created under the laws of the state of Illinois, and is the lessee of the line of railway owned by the Dubuque & Sioux City Company, and is and was, at the times named in the petition, engaged in running its trains over and upon said leased line; that in the month of January, 1902, Magnus Person was in the employ of the Illinois Central Company as a laborer, and on the 20th day of January he, with others, was engaged in gathering up rails along the railway line, and placing them on cars furnished for that purpose by the Illinois Central Company, and by direction of the foreman in charge of the work he was required to go upon one of the cars to aid in placing the rails thereon; that, through the negligence of the company, the body of the car was not properly or securely fastened to the trucks, so that it fell from the trucks upon the said Magnus Person, causing his death, and for the damages thus caused to his estate judgment in the sum of $15,000 is prayed against both the named railroad companies. In due time the Illinois Central Company filed in the state court its petition, asking an order of removal into the federal court, which order was granted, and upon the filing of the transcript in this court the plaintiff filed a motion to remand the case to the state court, thus bringing up the question whether upon the facts shown on the face of the record, including the petition for removal, it appears that the case was properly removed into this court upon the petition of the Illinois Central Company only. In the petition for removal it is averred that the plaintiff was, when the suit was brought, and continues to be, a citizen of the state of Iowa; that the Dubuque & Sioux City Company is a corporation created under the laws of Iowa; that the Illinois Central Company is a corporation created under the laws of Illinois; that under the provisions of the laws of Iowa the Dubuque & Sioux City has leased its line of railway to the Illinois Central; that, at the time the accident happened causing the death of Magnus Person, the Illinois Central Company had the exclusive possession and management of the leased railway line, and provided and operated all the trains, engines, and cars, including the one in use when the accident happened, which were used in the operation of the line of railway leased to it; that the Dubuque & Sioux City had no control in fact, or right of control, over the operatives employed upon the line, there being no joint use or occupancy of the line, and therefore the said Dubuque & Sioux City Company could in no way be held liable for the injury complained of; that the Dubuque & Sioux City Company is therefore but a nominal party to the controversy, and in fact was made a party defendant for the purpose only of thereby defeating the right of the Illinois Central Company to remove the case for trial into the federal court; and, furthermore, that the case presents a separable controversy between the plaintiff and the Illinois Central Company which entitles the latter company to remove the case.

It thus appears that the plaintiff in the suit and one of the defendants, to wit, the Dubuque & Sioux City Railroad Company, are, and were when the suit was begun, citizens of the same state, and this fact, of necessity, defeats the right of removal, unless upon the facts shown it can be held that the Dubuque & Sioux City Company is a nominal or sham defendant, and made a party to the suit for the purpose of

defeating the right of removal, which, in the absence of that company, would exist in favor of the Illinois Central, or that the suit involves a separable controversy, in which the Dubuque & Sioux City Company has no interest.

In the case of Arapahoe Co. v. Kansas Pac. Ry. Co., 4 Dill. 277, Fed. Cas. No. 502, it was said by Justice Miller:

"The supreme court has decided that where there are merely formal parties, without the requisite citizenship, that does not oust the jurisdiction. But in this case they are hardly formal parties, and it is hard to see why they were put into the bill at all; for it charges that they protested against the wrong while it was being done. It would be a very dangerous doctrine, one utterly destructive of the rights which a man has to go into the federal courts on account of his citizenship, if the plaintiff in the case, in instituting his suit, can, without any right or reason or just cause, and with the express declaration that he asks no relief from them, join persons who have not the requisite citizenship, and thereby destroy the rights of the parties in federal courts. We must therefore be astute not to permit devices to become successful which are used for the very purpose of destroying that right."

This general question is dealt with, under varying circumstances, in the cases of Walden v. Skinner, 101 U. S. 577, 25 L. Ed. 963; Bacon v. Rives, 106 U. S. 99, 1 Sup. Ct. 3, 27 L. Ed. 69; Dow v. Bradstreet Co. (C. C.) 46 Fed. 824; Durkee v. Railroad Co. (C. C.) 81 Fed. 1; and Deere Wells & Co. v. Chicago, M. & St. P. R. Co. (C. C.) 85 Fed. 876; and the rule deducible from these and other cases is that where it appears that, with respect to the controversy declared on by the plaintiff, any one of the parties named in the petition has no real interest therein, and no liability attaches to him or is sought to be enforced against him, such person will be deemed to be merely a nominal party, whose presence in the case will not confer or defeat the right to removal as between the real parties interested in the cause of action set forth in the plaintiff's petition; and, furthermore, if it is made to appear that a person has been joined as a party upon the record under circumstances which clearly demonstrate that such joinder was not made in the honest belief that such person was a proper or necessary party to the controversy sought to be litigated, and if the presence of such party is relied on as a ground for defeating the otherwise existing right of removal, such a state of facts will justify the holding that the joinder of such a party is but a sham, intended to wrongfully defeat the right of removal, and the presence of such a party will be disregarded in determining the question whether the right of removal exists in favor of the real defendant to the controversy.

The motion to remand does not take issue upon any of the material matters of fact alleged in the petition for removal, and therefore, as was held in Dow v. Bradstreet Co., supra, the questions to be considered are those arising upon the averments of fact contained in the petition for removal, assuming the same to be true.

The cause of action declared on in plaintiff's petition is the injury to the person of Magnus Person, resulting in his death, caused by the negligence of the Illinois Central Company in furnishing for the use of its employés a car not properly and safely equipped for the use made of it, liability for the results of such negligence being charged against the Illinois Central Company, because it was the company

actually engaged as lessee in operating the line of railway and the train of cars upon which the accident happened; and as against the Dubuque & Sioux City Company liability is charged on the ground that it is the owner of the line of railway upon which the accident happened, and is therefore responsible for injuries resulting from negligence in the operation of the line of railway, even though it has leased its line to another company, and exercises no control over the actual operation of the trains or cars thereon. Briefly stated, liability is charged against the Illinois Central Company, because it negligently furnished to its employés for use in the operation of the railway line an unsafe and dangerous car. Liability against the Dubuque & Sioux City Company is charged on the ground that, being the owner of the line, and having, as such, once assumed the duties and obligations imposed by law upon it as such owner, it cannot escape the same by committing the actual management and operation of its line to a lessee.

On behalf of the Illinois Central Company it is contended that the court must hold that such charge of liability against the Dubuque & Sioux City Company is so lacking in any possible foundation that it will be deemed to be a sham or a fraud, made for the sole purpose of endeavoring to defeat the right of removal existing on behalf of the Illinois Central Company. If the statutes of Iowa, in providing for the leasing of a line of railway, had in express terms declared that the lessor company should not be liable for injuries resulting from the negligence of the lessee in operating the leased line, or if the supreme court of the state, in determining the construction to be placed upon the terms of the statute authorizing the leasing of railway lines, had held that the lessor could not be held liable for the negligence of its lessee in the operation of the line, so that it was the settled law of the state that the lessor company could not be lawfully charged with liability for the negligence of the lessee in the operation of the leased railway, then the act of joining in the one case the lessor and the lessee as defendants would justify the court in holding that such joinder was not in good faith, but must have been made with the intent of thereby defeating, if possible, the right of removal existing in behalf of the real defendant to the cause of action declared on by plaintiff. On the other hand, if, under the law of the state, the lessor and the lessee are each liable to any one injured through negligence in the operation of the railway line, then, of course, it could not be held that either of these parties was either a nominal or sham defendant to a suit brought against them jointly, based upon negligence in the operation of the leased railway line. If, however, the question of liability on part of the lessor company for the results of the negligence of its lessee in the operation of the line has not been settled, either by express legislative declaration, or by the decision of the supreme court of the state, then it cannot be justly said that a plaintiff, who seeks to obtain a judgment against both the lessor and the lessee for injuries caused him in the negligent operation of the cars or trains on the leased line, is open to the charge of endeavoring to fraudulently defeat the right of removal by joining a nominal or sham party as a defendant in the suit.

In the consideration of the questions arising on the motion to remand in this case, the court is confined to the inquiry whether it is the settled law of the state of Iowa that a lessor of a railway line within the state is not liable for the negligence of its lessee in the operation of the leased line of railway. If this question has not been finally determined, either by legislative declaration or judicial decision, but exists and is presented in the case, as a question to be solved in the further progress of the suit upon the consideration of the rules of law applicable thereto, then this issue of the liability of the lessor company cannot be said to be a sham or fraudulent issue wrongfully injected into the case, for the sole purpose of defeating the right of removal.

It is not claimed on behalf of the railway company that there is to be found in the statute law of the state any declaration expressly providing that a lessor railway company is not liable for negligence of its lessee in the operation of the leased line, and counsel have not called to the attention of the court any decision of the supreme court of the state wherein it is ruled that such liability does not exist.

In Brockert v. Railway Co., 82 Iowa, 369, 47 N. W. 1026, it is ruled that a judgment cannot be rendered against a railway company for damages resulting from the negligent operation of the line of railway by a receiver who has been placed in charge of the property of the company by order of a court, but this ruling is placed upon the ground that the possession of the receiver is not the possession of the company nor by its procurement, but is antagonistic thereto; and the same ruling is made in Schurr v. Railway Co. (Iowa) 67 N. W. 280,—it being further stated in the former case that it is not held that the railway company was not properly joined in the action, in view of the fact that the judgment rendered might become a lien upon the railway property.

These decisions do not settle the point of the liability of a railway company which voluntarily places the control of its property in the hands of a lessee, and continues to reap a benefit, in the form of rental paid, from the operation of the railway line, and therefore the question of such liability is one of the issues of law arising upon the facts of this case, which must be determined by the court in which the suit is heard upon its merits; and therefore upon the face of the record it appears that there is presented for determination a question of the liability of the Dubuque & Sioux City Company, a question or controversy between citizens of the same state, a question which is an open one, which the plaintiff has the right to present, and which the court cannot say is asserted without foundation, and as a mere sham or device intended solely to defeat the right of removal on behalf of the lessee company.

Do the facts set forth in the plaintiff's petition show that there is involved in the suit a separable controversy between the plaintiff and the Illinois Central Company, in which the Dubuque & Sioux City Railroad Company has no interest, and which can be wholly determined without affecting the rights of the Dubuque & Sioux City Company? The ground of liability charged against the Illinois

Central Company is negligence in furnishing a badly constructed and unsafe car for the use of its employés. The grounds of liability charged against the Dubuque & Sioux City Company are that the company is the owner of the line of railway between Dubuque & Sioux City; that it committed the management and operation of the line to the Illinois Central Company as its lessee; that the lessee was negligent in operating the line, and for the results of such negligence the lessor is responsible.

The Dubuque & Sioux City Company is clearly interested in the issue of negligence in the operation of its leased line by its lessee, and on the trial of the case will be entitled to be heard on this issue. That company has a vital interest in that question, and, as the case stands, it cannot be decided that the Illinois Central was guilty of negligence in the particular charged without affecting the interest of the Dubuque & Sioux City Company; and, on the other hand, if it should be decided that the Illinois Central was not guilty of the negligence charged against it, then the case would also fail as to the Dubuque & Sioux City Company, for the issue tendered by the plaintiff in his petition as against the latter company is that the Illinois Central was guilty of negligence causing the injury complained of, and that the Dubuque & Sioux City, as the owner and lessor of the line of railway, is liable for the negligence of its lessee in the operation of the road. In no view that can be taken of the case can it be held that the Dubuque & Sioux City Company has no interest in the question of the negligence charged against the Illinois Central, and, this being so, then it cannot be held that the suit presents a controversy solely between the plaintiff and the Illinois Central, but, on the contrary, it appears that the Dubuque & Sioux City Company has a direct and vital interest in the question or controversy existing between plaintiff and the Illinois Central, and the case does not, therefore, involve a separable controversy, within the meaning of the removal statute. Furthermore, as the plaintiff has elected to sue the defendants jointly for the consequences of the alleged negligence, it is not open to either defendant to claim that the suit embraces a separable controversy within the meaning of the removal statute. Powers v. Railway Co., 169 U. S. 92, 18 Sup. Ct. 264, 42 L. Ed. 673; Railway Co. v. Dixon, 179 U. S. 131, 21 Sup. Ct. 67, 45 L. Ed. 121.

There being no separable controversy in the suit, and as the facts shown on the record do not justify the holding that the Dubuque & Sioux City Company is either a nominal or sham defendant, made so for the purpose of defeating the right of removal on part of the Illinois Central Company, and as the record shows that the plaintiff and one of the defendants, the Dubuque & Sioux City Company, are and were, when the suit was begun, citizens of the same state, to wit, of Iowa, it follows that the case was not removable to this court, and the motion to remand the same to the state court is well taken, and is granted.