REINARTSON v. CHICAGO GREAT WESTERN RY. CO. et al.

(Circuit Court, N. D. Iowa, C. D.  December 7, 1909.)

No. 317.

1. PLEADING (§ 62*)—SEVERAL DEFENDANTS—JOINT CAUSE OF ACTION.

Where plaintiff has a joint cause of action against several defendants, he should state with reasonable particularity the facts relied on against each to sustain a joint recovery against all, so that the court and each of the defendants may be apprised of the facts relied on to create a joint liability.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 132; Dec. Dig. § 62.*]

2. REMOVAL OF CAUSES (§ 61*)—JOINT CAUSE OF ACTION—PLEADING.

Where plaintiff, suing several defendants, does not allege with reasonable particularity the facts relied on to sustain a joint cause of action, but charges negligence generally against all, such allegation is indicative of an attempt to so frame a petition that will prevent a defendant entitled to do so from removing the cause to a federal court.

[Ed. Note.—For other cases, see Removal of Causes, Dec. Dig. § 61.*]

3. REMOVAL OF CAUSES (§ 61*)—JOINT OR SEVERAL CAUSES OF ACTION—PETITION.

Whether a cause presents a separable controversy which authorizes its removal to the federal Circuit Court is to be determined from plaintiff's own statement, made in good faith, in the petition filed by him in the state court of his right of action against the defendants, and, if a joint cause of action is stated, it is not open to either or both of the defendants

by answering separately or pleading separate defenses to make that a several suit or action which plaintiff has elected to make joint.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 115; Dec. Dig. § 61.*]

4. REMOVAL OF CAUSES (§ 36*)—ACTION FOR INJURIES—JOINT CAUSE OF ACTION.

In an action for injuries to plaintiff while crossing a railroad track, the petition alleged that the injuries resulted because of the negligent acts of the defendants, in that defendants constructed the tracks so close to each other and so near to a mill in which plaintiff was employed that persons crossing upon the public passageway were not able to see the movement of the cars, engine, or trains on the track, and in not constructing the tracks so as to leave the view open, and in failing to provide any gates, guards, or barriers to protect persons so crossing. Other acts of negligence were charged against both defendants, relating solely to the movement and operation of trains, and a failure to warn plaintiff of the approach of the train by which he was injured. It was stipulated on a motion to remand that defendant M. Company alone constructed the tracks and leased them to the defendant C. Company, and that the latter or its receivers were exclusively engaged in operating the road thereafter, and at the time plaintiff was injured; that the injury was immediately caused by the negligent movement of the cars by the C. Company or its receivers. Held, that it appeared that the M. Company did not participate in the negligent acts alleged, and was joined to prevent the C. Company from removing the cause to the federal court, and that it was therefore entitled to remove, notwithstanding such joinder.

[Ed. Note.—For other cases, see Removal of Causes, Dec. Dig. § 36.*]

Action by Leonard M. Reinartson, by Oscar Reinartson, his next friend, against the Chicago, Great Western Railway Company and another. The action having been removed to the federal court, plaintiff moves to remand. Denied.

Kenyon, Kelleher & O'Connor, for plaintiff.

Carr, Carr & Evans, and Healy & Healy, for defendants.

REED, District Judge. This suit was commenced in the District Court of Iowa in and for Webster county by the plaintiff, a citizen of Iowa residing in that county, to recover damages from the two railway companies for a personal injury alleged to have been caused him by their joint negligence while he was attempting to cross the tracks of the railroad at Lehigh, in Webster county, near a mill in and about which he was employed. The Chicago Great Western Railway Company, a corporation of Illinois, in due time filed a sufficient petition and bond in the state court to remove the cause to this court upon the alleged ground that a separable controversy existed between it and the plaintiff; that the Mason City & Ft. Dodge Railroad Company, an Iowa corporation, was not engaged in the operation of the road, had nothing to do with the movement of the trains or cars thereon which caused the alleged injury to plaintiff, is a mere sham defendant, and was fraudulently joined with the Great Western Company to prevent its removal of the cause to this court. The state court ordered the removal, and plaintiff moves to remand upon the ground that there is no separable controversy between him and the Chicago Great Western Railway Company, and denies the alleged fraudulent joinder of the

Mason City & Ft. Dodge Company as one of the defendants to prevent the removal.

The Great Western Company has filed in support of its alleged fraudulent joinder of the Mason City Company a stipulation signed by it and the plaintiff's attorneys, in which it is admitted:

"That the Mason City & Ft. Dodge Company is an Iowa corporation, and in about 1887 built and constructed a line of railroad, including side tracks, spurs, and switches, from the city of Ft. Dodge, Iowa, to Lehigh, and operated the same until some time in the year 1902, when it leased the same to the Chicago Great Western Company, and that that company alone operated said road and the trains and engines thereon thereafter, and until about January, 1908, when its property including its lease of this line of road went into the possession of receivers appointed by the Circuit Court of the United States for the District of Minnesota, who thereafter operated the road as such receivers until about September 1, 1909, when the property, including the lease of the road in question, was sold to another company, and that the Mason City Company did not operate said road or any part thereof after 1902, and was not connected with the movement of engines or trains thereon after it leased the road to the Great Western Company."

The injury of which the plaintiff complains is alleged to have occurred in December, 1908, while the road, according to this stipulation, was being operated by such receivers, and the contention of the Great Western Company is that, inasmuch as the Mason City Company was not engaged in the operation of the road, or with the movement of the trains or cars thereon which caused the alleged injury to the plaintiff, that company is not responsible for such injury, and that it thus conclusively appears that it is a mere nominal defendant only, joined with the Great Western Company to prevent it from removing the cause to this court. The question at once suggests itself if the property of the Chicago Great Western Company, including its lease of the road in question, was in the hands of receivers appointed by the United States Circuit Court, and was being operated by them at the time of the injury of which plaintiff complains, how can either company be held responsible for the acts of the receivers, if the injury arose solely from the alleged negligent operation of the road? This, however, is a question that goes to the merits of the controversy between the plaintiff and the defendants, and need be considered only in determining whether or not the two companies were fraudulently joined to evade federal jurisdiction.

Many authorities are cited by the Great Western Company in support of its right of removal, but all of them were decided prior to the decision of the Supreme Court in Alabama Great Southern Railway Co. v. Thompson, 200 U. S. 206, 26 Sup. Ct. 161, 50 L. Ed. 441. By that decision it is settled that whether or not a cause presents a separable controversy which authorizes its removal from a state court to a Circuit Court of the United States is to be determined from the plaintiff's own statement, made in good faith in the petition filed by him in the state court, of his cause of action against the defendants; that the plaintiff has the right to prosecute his action to final determination in his own way, and, if in his petition he states in good faith a joint cause of action against two or more defendants, it is not open to either or both or all of them by answering separately or pleading separate

defenses to make that a several suit or action which the plaintiff has elected to make joint. But, if the plaintiff fails to state any cause of action against one of the defendants, the presence of that defendant as a party to the suit may be disregarded in determining the right of removal. What then, does the plaintiff allege as his cause of action against these defendants in the petition filed by him in the state court? That petition alleges, in substance, that both defendants are corporations and own and operate certain lines of railroad in Iowa, including one from Ft. Dodge to Lehigh, in Webster county, with branches, spurs, side tracks, and switches connecting said line of railway with mills and manufactories adjacent thereto; that during the month of December, 1908, said companies were in the ownership and operation of a certain railroad track and cars and engines thereon, and had constructed, owned, maintained, and operated several parallel tracks immediately adjacent to a mill known as the "Mineral City Stucco Mill" in said Webster county; that one of said tracks was constructed along the side of said mill and within a few feet thereof, and a second parallel with the first and within a few feet thereof, both of which were constructed to be used, and were in fact used, for the purpose of storing cars thereon and switching them to and from said tracks; that at the time of the injury to the plaintiff there was a well-defined and much used walk or passageway across said railroad tracks extending to and from a door in said mill which was much used by the public and persons employed in and about the mill in entering and leaving the same, which was well known to the defendants; that on December 23, 1908, the plaintiff was employed in and about said mill, and in the performance of his duties as such employé undertook to enter said mill by way of such passageway or walk across said railroad tracks, and in crossing the same in a careful manner was caught between cars moving thereon and injured. After stating his injuries and the particular manner in which he received the same, the petition continues:

"That said injuries resulted because of the negligent and wrongful acts of said defendants in the following particulars, viz.: That said defendants were negligent in constructing said tracks so close to each other and so near to said mill that persons crossing upon said public passageway aforesaid were not able to see the movement of cars, engines, or trains on said tracks; in not so constructing said tracks as to leave said view open; and in failing to provide * * * any gates, guards or barriers of any kind for the protection of persons about to cross said tracks upon said walk aforesaid."

Other acts of negligence are charged against both companies which relate solely to the movement and operation of engines and cars on the tracks, such as the failure to sound the whistle, ring the bell, or in some other manner give notice to the plaintiff of the movement of the cars, which alone may have caused the injury of which he complains.

The practice of charging different defendants in this class of cases with negligence generally, without alleging the specific acts of each that are relied upon for recovery against all, is not to be commended. If the plaintiff has a joint cause of action against several defendants, he should state with reasonable particularity the facts relied upon against each to sustain a joint recovery against all, so that the court may know, and each of the defendants be apprised of, the facts relied

upon to create the joint liability. The fact that this is not done, but that it is alleged generally that several defendants are guilty of the same acts of negligence which caused the injury complained of when it is reasonably apparent from the petition, or it is admitted, or otherwise made to appear, that all are not so guilty, is strongly indicative of an attempt to frame a petition that will prevent a defendant, who may have the right to do so from removing the cause from the state to the federal court, and when this appears it should be held, where a resident defendant is joined with a nonresident citizen, that he is fraudulently so joined for the purpose of preventing the latter from removing the cause from the state court. Wecker v. National Enameling Co., 204 U. S. 176–185, 27 Sup. Ct. 184, 51 L. Ed. 430; McGuire v. Great Northern Ry. Co. (C. C.) 153 Fed. 434–439.

In Wecker v. National Enameling Co., above, it is said:

"While the plaintiff in good faith may proceed in the state courts upon a cause of action which he alleges to be joint, it is equally true that the federal courts should not sanction devices intended to prevent a removal to a federal court where one has that right, and should be equally vigilant to protect the right to proceed in the federal court as to permit the state courts, in proper cases, to retain their own jurisdiction."

Can it rightly be said then that the allegations of this petition charge the Mason City Company with any neglect that directly contributed to the plaintiff's injury? The petition alleges that "defendants were negligent" in constructing the tracks so close together as to prevent persons about to cross the same from observing trains or cars thereon, and in failing to guard the same by gates, bars, or other means so as to prevent the injury to such persons. But the immediate cause of the plaintiff's injury is alleged to be that "defendants were negligent" in handling and moving the cars without giving any signals or warning to plaintiff who was about to cross the tracks.

These allegations charge both defendants with the alleged negligent acts, and the petition seeks to hold both jointly liable therefor. The facts stipulated, however, show that the Mason City Company alone constructed the tracks in 1887, and leased them to the Great Western Company in 1902, and that that company was, or that its receivers were, exclusively engaged in operating the road thereafter and at the time the plaintiff was injured, and that such injury was immediately caused by the negligent movement of the cars by the Great Western Company or its receivers. This clearly negatives the fact of joint negligence on the part of the two companies that caused the injury of which plaintiff complains. A careful consideration of the plaintiff's petition in connection with the admitted facts leads unavoidably to the conclusion that the Mason City Company did not participate in the alleged negligent acts which caused the injury of which plaintiff complains, and that it was not made a party to the suit with any expectation of proving such acts against it, or hope of recovery from it therefor, but that it was joined as a party defendant with the Great Western Company for the sole purpose of preventing that company from removing the cause to this court. The plaintiff relies mainly upon the case of Person v. Illinois Central Railway Company et al. (C. C.) 118 Fed. 342, to defeat the right of removal. In that case it was stated by the plaintiff in his petition filed in the state court that the injury

complained of was caused alone by the negligence of the Illinois Central Company, which company was the lessee of the Dubuque & Sioux City Company, and recovery was sought against the Illinois Central Company for its alleged negligence and against the Sioux City Company upon the ground that it was legally liable for the negligence of its lessee in operating the road. The authorities upon this question may not be in harmony, and it was held by Judge Shiras that, when a plaintiff thus correctly states the facts in his petition, bad faith will not be imputed to him simply because he thus states them and presents for determination the question of the liability of the lessor company for the negligence of its lessee in operating the road. But no such case is stated by the plaintiff in this case, nor does he seek to recover against the Mason City Company upon the ground that it is legally liable for the negligence of its lessee in operating the road. In his petition he charges that both companies were negligent in the construction and operation of the road which directly caused the injury of which he complains, and seeks to recover of both because of their active participation in such alleged negligence; but it is admitted by the stipulation signed by his attorneys, who also signed the original petition, that this is not the fact, but that the Mason City Company had nothing to do with the alleged negligent operation of the road, which was the immediate cause of the injury of which plaintiff complains. There is no pretense that this incorrect statement of the facts was inadvertently made in the original petition, and the counsel preparing it must be held to have known the facts admitted in the stipulation signed by them when they prepared the petition; and the conclusion, as before stated, is that such statements were made in the original petition for the sole purpose of stating upon the face of the record a cause of action that was not removable from the state court. Inasmuch as the right of removal depends upon the cause of action stated in good faith by the plaintiff in his petition filed in the state court, he will not be permitted to prevent a defendant, who has the right to do so, from removing a cause from a state court by purposely stating in such petition a joint cause of action against both defendants, which he subsequently admits, or it is otherwise made to appear, is incorrect. Wecker v. National Enameling Co., 204 U. S. 176–185, 27 Sup. Ct. 184, 51 L. Ed. 430; McGuire v. Great Northern Ry. Co. (C. C.) 153 Fed. 434–439. On the other hand, a defendant will not be permitted to incorrectly state in a petition for removal the ground relied upon for the removal of the cause from the state court. Harrington v. Great Northern Ry. Co. (C. C.) 169 Fed. 714. But both will be held to a fairly correct statement in their respective petitions of the cause of action, and of the grounds relied upon for the removal; and the right of removal will be granted or denied upon the facts thus truly stated.

The conclusion therefore is that the motion to remand should be denied, and it is so ordered.

NOTE.—Since the foregoing opinion was filed, that of the Supreme Court in Illinois Central R. R. Co. v. Sheegog has been announced, and published in 215 U. S. 308, 30 Sup. Ct. 101, 54 L. Ed. ——.