## LEONARD v. ST. JOSEPH LEAD CO. et al.
### No. 9905.

Circuit Court of Appeals, Eighth Circuit.
Jan. 28, 1935.

Staunton E. Boudreau, of St. Louis, Mo. (Everett Hullverson, of St. Louis, Mo., on the brief), for appellant.

John S. Marsalek, of St. Louis, Mo. (William R. Gentry and Nagel, Kirby, Orrick & Shepley, all of St. Louis, Mo., on the brief), for appellees St. Joseph Lead Co., Doe Run Lead Co., Daniel K. Catlin, Firmin Desloge, and M. F. Watts.

Before STONE, GARDNER, and VAN VALKENBURGH, Circuit Judges.

GARDNER, Circuit Judge.

This is an action commenced by appellant as plaintiff in the circuit court of the city of St. Louis, Mo., to recover damages in the sum of $30,000 from the defendants therein, on account of personal injuries alleged to have been caused by the failure of the corporate defendants and the individual defendants to comply with the so-called occupational disease statutes of Missouri, and particularly section 13260, Revised Statutes of Missouri 1929 (Mo. St. Ann. § 13260, p. 4806). Service of process was had on the corporations St. Joseph Lead Company and Doe Run Lead Company, and upon Daniel K. Catlin, Firmin Desloge, M. F. Watts, and Charles H. Grover, individual defendants. To avoid confusion, the parties will be referred to as they appeared in the lower court.

Plaintiff's petition alleges that the corporate defendants were engaged in the manufacture and process of mining, blasting, and crushing ore and lead and silica substances at their mines and places of manufacture in St. Francois county, Mo., and were engaged in a trade or process which might produce illness or disease peculiar to the work or process, and which subjected employees to the dangerous illness or disease incident to the work or process of milling and grinding silica and lead ore. It is alleged that eleven individual defendants, including the four upon whom service of process was had, constituted the board of directors of the corporate defendants, and that "as such directors were their managing and directing agents, and charged by law, and in fact by said corporation, with the duty to have said corporate defendants comply with and observe the provisions of the statutes of this state, which it is hereinafter stated they and their said princi-

pals, said corporate defendants, negligently failed to do." It is also alleged: "That at all times herein mentioned St. Joseph Lead Company, a corporation, in fact owned, controlled and operated as an agency used solely for the furtherance of its own business, the defendants Doe Run Lead Company, a corporation, and Federal Lead Company, a corporation, and that each and all the acts of negligence herein stated to have been done by the latter corporate defendants, were in fact and in law done by each of them, also as the agent of defendant St. Joseph Lead Company, and were in fact and in law the acts and omissions of defendant St. Joseph Lead Company."

It is further alleged: "that at all times hereinafter mentioned he was employed by the defendants and used in the same employment for the various defendants, and at all times hereinafter mentioned for a long time prior to the filing of this petition, was employed by defendants, as a laborer and miner at defendants' mines and places of business in St. Francois County, Missouri, and as such was required and directed by the defendants to assist in various ways in the manufacture, mining, crushing, and grinding of the lead and silica products and ores above described."

The petition also alleges facts showing the failure to comply with section 13260, Revised Statutes of Missouri 1929 (Mo. St. Ann. § 13260, p. 4806), and the injury resulting therefrom to plaintiff.

Upon the petition of the defendant St. Joseph Lead Company, the case was removed to the United States District Court, on the ground that a separable controversy was involved between it and plaintiff. The petition for removal alleged that plaintiff was a resident and citizen of Missouri; that the St. Joseph Lead Company was incorporated under the laws of New York, and was a citizen and resident of New York; that the Doe Run Lead Company was a citizen and resident of Missouri; that the Federal Lead Company was formerly a Missouri corporation but had been dissolved before the commencement of this action; and that the individual defendants, other than those served with process, were nonresidents, and had not been served with process and could not be served with process. One of the named individual defendants was shown to have been dead. In various forms it is alleged that plaintiff was employed by defendant St. Joseph Lead Company and not by any of the other de-

fendants; that the other defendants had nothing to do with the employment of plaintiff or the conditions under which he worked, and that they knew nothing about his working conditions; that the Doe Run Lead Company was a corporation, separate and distinct from the St. Joseph Lead Company, and had nothing whatever to do with the employees of the St. Joseph Lead Company; that it was the sole duty of the defendant St. Joseph Lead Company to furnish appellant a reasonably safe place in which to work.

In due time, plaintiff moved to remand the cause to the state court. No showing of any kind was made as the basis for this motion, except that in the motion to remand it is stated in effect that plaintiff's petition shows that the action is not severable as to the St. Joseph Lead Company, and certain allegations of the petition are quoted. It is also stated in this motion that "the allegations of fraudulent joinder of parties contained in the said petition are not sufficient to give this court jurisdiction on account of any such alleged fraudulent joinder."

In opposition to the motion to remand, the St. Joseph Lead Company and the Doe Run Lead Company submitted affidavits. These set forth that the Doe Run Lead Company is a separate, independent corporation, operating certain mines for itself and by itself; that the St. Joseph Lead Company owns and operates other mines for itself and by itself; that each corporation owns and controls its own mines and assets separately and apart from the mines and assets of each and every other corporation; that none of said corporations operates mines together as the agent for each other, either directly or indirectly.

(As it appears that the Federal Lead Company has for several years been out of business, had been dissolved, and was not served with process, it is omitted from the statement of facts, as are also the individual defendants not served with process.)

As to the individual defendants served with process, these affidavits set forth that they gave no orders or directions as to the condition of the mines, places of work, machinery, hours of labor, manner and time of entering the mines or working therein; that they had nothing to do with working the mines, knew nothing of the conditions under which plaintiff worked, had nothing to do with the operation, management, or manner of controlling the work of the men in the mines. It appears from

these affidavits that the individual defendants are directors of the St. Joseph Lead Company.

Upon this showing the lower court entered an order denying plaintiff's motion to remand, and sustained a plea to the jurisdiction interposed by the St. Joseph Lead Company and the Doe Run Lead Company. Plaintiff then made a motion for rehearing on the motion to remand, on the ground that he was to have had a certain length of time in which to file affidavits and briefs, and that the court, before the expiration of the time fixed and before the filing of a brief, had made the order denying the motion to remand and sustaining the plea to the jurisdiction. On June 29, 1933, he filed the affidavit of Everett Hullverson in support of the motion to remand. This was after the court had made the order denying the motion to remand, but within the time allowed plaintiff to file affidavits in support of the motion to remand. The court denied the motion for rehearing, and plaintiff having declined to plead further, dismissed the cause for want of prosecution. This appeal is from the judgment of dismissal.

The appeal, therefore, presents for review the order of the court denying plaintiff's motion to remand, and this requires a consideration of three questions: (1) Whether the directors served with process were fraudulently joined as parties; (2) whether the Doe Run Lead Company was fraudulently joined as a party, either (a) as an employer concurrently negligent with the St. Joseph Lead Company, or (b) as an agent of the St. Joseph Lead Company.

It is well settled that the presence of a party whom plaintiff has joined with fraudulent intent, for the purpose of preventing removal, may be disregarded in determining the question of removability, and will not prevent removal by a nonresident defendant if all jurisdictional requisites otherwise exist. Wilson v. Republic Iron & Steel Co., 257 U. S. 92, 42 S. Ct. 35, 66 L. Ed. 144; Wecker v. National Enameling, etc., Co., 204 U. S. 176, 27 S. Ct. 184, 51 L. Ed. 430, 9 Ann. Cas. 757; Chesapeake & O. R. Co. v. Cockrell, 232 U. S. 146, 34 S. Ct. 278, 58 L. Ed. 544; Illinois C. R. Co. v. Sheegog, 215 U. S. 308, 30 S. Ct. 101, 54 L. Ed. 208; Clancy v. Brown (C. C. A. 8) 71 F.(2d) 110; Nelson v. Black Diamond Min. Co. (D. C.) 237 F. 264; Bradshaw v. Bowden (D. C.) 226 F. 323.

The cause of action must be determined by reference to the well-pleaded facts of the plaintiff's petition viewed in an action at law from the standpoint of the law of the state, and matters of defense furnish no ground for removal. Watson v. Chevrolet Motor Co. (C. C. A. 8) 68 F.(2d) 686, 688; Morris v. E. I. Du Pont De Nemours & Co. (C. C. A. 8) 68 F.(2d) 788. If a resident defendant is joined, the joinder, although fair upon its face, may nevertheless be shown on petition for removal to be merely a sham or fraudulent device to prevent a removal, but the showing must consist of facts leading to that conclusion, rather than the pleader's conclusions or deductions. Morris v. E. I. Du Pont De Nemours & Co., supra; Chesapeake & O. R. Co. v. Cockrell, 232 U. S. 146, 34 S. Ct. 278, 58 L. Ed. 544; Wilson v. Republic Iron & Steel Co., 257 U. S. 92, 42 S. Ct. 35, 66 L. Ed. 144.

The court need only consider whether there is a real intention on the part of the plaintiff to secure a joint judgment, or whether there is only a colorable ground for such claim shown by the record. The court on motion to remand will not examine plaintiff's pleading closely enough to determine whether a flaw might be found in it on special demurrer, but even though plaintiff may have misconceived his cause of action and may have no right to maintain it against the defendants jointly, yet that does not necessarily convert an alleged joint cause of action into a separable controversy for the purpose of removal. The joinder must have been in bad faith in order to warrant removal. The joinder of a defendant is fraudulent if it is clear that under the law of the state in which the action is brought, the facts alleged by the plaintiff as the basis for the liability of the resident defendant could not create a joint liability against him and his codefendant, so that the assertion of a joint cause of action is, as a matter of local law, plainly sham and fraudulent. Such joinder is also fraudulent if the facts alleged in plaintiff's pleading with reference to the resident defendant are shown to be so clearly false as to demonstrate that no factual basis exists for an honest belief on the part of the plaintiff that there is a joint liability. If there is doubt as to whether, under the state law, a case of joint liability is stated, or if there is doubt whether the allegations with respect to the resident defendant are false, as when that question depends upon

the credibility of witnesses and the weight of evidence, the joinder is not to be held fraudulent. Where the concurrent negligence of a nonresident and a resident defendant is the basis of the claim of joint liability, the case is ordinarily not removable. Morris v. E. I. Du Pont De Nemours & Co., supra.

The burden of showing fraudulent joinder is on the party who relies on the existence of such joinder to support the removal of the action, and the right of removal is not established by a petition for removal which merely traverses the facts alleged in plaintiff's pleading. Farmers' Bank & Trust Co. v. Atchison, T. & S. F. Ry. Co. (C. C. A. 8) 25 F.(2d) 23. A mere formal motion to remand is in the nature of a demurrer to the removal petition. Plaintiff may take issue in his motion to remand with the statements in the petition for removal, and thereby raise a question as to the truth of such statements, and the motion to remand in such circumstances is in the nature of a plea in abatement; but if the petition for removal is not denied it is to be taken as confessed. Donovan v. Wells Fargo & Co. (C. C. A. 8) 169 F. 363, 22 L. R. A. (N. S.) 1250. The denial of the allegations of fraud puts the affirmative of the issue on the removing petitioner, and he has the burden of proof on that issue. As the well-pleaded allegations of plaintiff's pleading are decisive as to the nature of the controversy, in the absence of a showing that one of the defendants was jointly joined for the purpose of preventing removal, the question presented is: Are the allegations of plaintiff's petition so baseless and colorable as to constitute a fraudulent attempt to defeat the jurisdiction of the federal court? Farmers' Bank & Trust Co. v. Atchison, T. & S. F. Ry. Co. (C. C. A. 8) 25 F.(2d) 23.

As to any cause of action against the directors, it is clear that the court properly held that they were fraudulently joined with the St. Joseph Lead Company. The four directors served with process lived in St. Louis, Mo. The property of the St. Joseph Lead Company is located in St. Francois and Jefferson counties, Mo. The St. Joseph Lead Company has no office in St. Louis, and none in Missouri, except in St. Francois county and Jefferson county. Its main office is at 250 Park avenue, New York City. These facts all appear without dispute from the affidavit filed in opposition to the motion to remand. L. T. Sicka, general manager of the St. Joseph Lead Company, and Charles H. Barker, manager of the Employees' Service Department of the St. Joseph Lead Company, made affidavits to the effect that the directors had nothing to do with the management, operation, manner of conducting or controlling the work of the plaintiff, knew nothing of the conditions under which he worked, and had nothing to do with the actual working of the mine. The general rule governing the personal liability of an officer or director of a corporation for torts committed by the corporation is that he is not liable where he has not participated therein, nor had any knowledge of, nor given any consent to the act or transaction. Fusz v. Spaunhorst, 67 Mo. 256; Wolfersberger v. Miller, 327 Mo. 1150, 39 S.W.(2d) 758; Darling & Co. v. Fry (Mo. App.) 24 S.W.(2d) 722; Kansas City v. Dickey, 76 Mo. App. 437.

Section 13253, Revised Statutes of Missouri 1929 (Mo. St. Ann. § 13253, p. 4804), provides that the carrying on of any process or manufacture, or labor, within the state, in which lead and other minerals, or other substances, are generated or used, employed, or handled by the employees in harmful quantities, or under harmful conditions, or come in contact with in a harmful way, is declared to be especially dangerous to the health of the employees.

Section 13260, Revised Statutes of Missouri 1929 (Mo. St. Ann. § 13260, p. 4806), makes it the duty of all employers engaged in carrying on any process or manufacture, or labor, referred to in section 13253 (Mo. St. Ann. § 13253, p. 4804), to provide and maintain adequate facilities for carrying off all injurious dust.

Section 13265, Revised Statutes of Missouri 1929 (Mo. St. Ann. § 13265, p. 4809), makes a violation of the provisions of this statute a misdemeanor, punishable by fine. Plaintiff contends that by this statute, the directors are made criminally liable for permitting violation of these statutory provisions; that the maintaining of the condition in the mine prohibited by statute, was negligence per se; and that the directors cannot escape civil liability for maintaining a public nuisance by the fact that they were engaged in the commission of the crime through a third party.

Section 13242, Revised Statutes of Missouri 1929 (Mo. St. Ann. § 13242, p. 4801), provides: "When any of the provisions of

this article are violated by a corporation, proceedings may be had against any of the officers or agents of such corporation who in any way participated in such violation by the corporation of which they are the officers or agents, and, upon conviction, such officers or agents shall be subject to the same penalty as in case of individuals so offending." · · · · · ·

The article referred to in this statute contains the above-quoted and many other similar provisions for the protection of the health and safety of employees. Some of these statutes place duties upon the employees as well as upon the employers. Sections 13238, 13240, 13241, 13249, 13254, and 13259 (Mo. St. Ann. §§ 13238, 13240, 13241, 13249, 13254, 13259, pp. 4797, 4800, 4802, 4804, 4806). Section 13265 (Mo. St. Ann. § 13265, p. 4809) clearly adopts the rule of civil liability to determine criminal responsibility of the employee of the corporation for violation of the statutes, and it does not aid plaintiff's contention; and under the undisputed facts, as shown, these directors are not personally liable. · · · ·

█ It is alleged in plaintiff's petition: "That at all times herein mentioned St. Joseph Lead Company, a corporation, in fact owned, controlled, and operated as an agency used solely for the furtherance of its own business, the defendants, Doe Run Lead Company, a corporation, and Federal Lead Company, a corporation * * *."

The removing petitioner, by verified petition, stated that the Doe Run Lead Company was a separate, independent corporation, having nothing whatever to do with the business or employees of the St. Joseph Lead Company, or with the places where its employees worked, but that the St. Joseph Lead Company was at said time in sole charge and control of the places where plaintiff states he was injured, for itself and on its own behalf. The affidavits filed in resistance to the motion to remand state that the Doe Run Lead Company is a separate, independent corporation, operating certain mines of itself and for itself; that the St. Joseph Lead Company never operated any mines in conjunction with, or jointly with, any of the other defendants, or through any of the other defendants acting as its agents; that none of the corporations operate mines together, or as the agent for each other, either directly or indirectly; that each corporation owns and controls its own mines and assets, separate and apart from the mines and assets of each

and every other corporation. · Plaintiff's motion to remand is in the nature of a demurrer to the showing of the removing petitioner, and the affidavit filed on the motion for rehearing, as we shall later point out, adds nothing of an evidentiary nature. The fact of separate corporate existence and functioning affirmatively appears from the affidavits of those in possession of the facts, and the record justifies the conclusion of the lower court that this allegation is without foundation in fact and fraudulent in law.

On the other issue, that of concurrent negligence through joint employment, plaintiff's petition alleges that he was employed by defendants as a laborer and miner at defendants' mines and places of business in St. Francois county, Mo., and as such was required and directed by the defendants to assist in various ways in the manufacture, mining, crushing, and grinding of lead and silica products. As has already been pointed out, the removing petition states that the St. Joseph Lead Company alone employed plaintiff; that the Doe Run Lead Company had nothing whatever to do with the business, employment, employees, conditions of employment, conditions surrounding the place of employment, or the place of employment where employees of the St. Joseph Lead Company worked; that it was the sole duty of the St. Joseph Lead Company to provide plaintiff a safe place in which to work; that it was in sole charge and control of the place where plaintiff says he was injured. While plaintiff's allegation is broad enough to include the individual defendants, the parties treat it as including only the St. Joseph Lead Company and the Doe Run Lead Company.

█ Whether a joint or several liability is alleged must be determined by the local law. As said by us in Watson v. Chevrolet Motor Co., supra, in an opinion by Judge Van Valkenburgh:

" 'Where one is injured from separate negligent acts of different persons, a recovery from either one or both of the tortfeasors whose negligence concurred in and contributed to his injury may be had.' * * *

"In joining two such defendants, the central and controlling thought is that the several negligent acts co-operated to produce a single result."

█ It is conceivable that under the law of Missouri, the two corporations might have been jointly liable to plaintiff if the

negligence of both concurred in producing his injury, but there is no evidence of any such concurrent negligence; in fact, it conclusively appears that there was no such concurrent negligence. In Watson v. Chevrolet Motor Co., supra, in which we held there was no fraudulent joinder, the facts were definitely shown in the petition. Here there is the barest asserted conclusion. While it is true that the removing petitioner had the burden of proof, and that matters of defense furnish no ground for removal, and that the right of removal is not established by a petition for removal which merely traverses the allegations of plaintiff's pleading, yet there is a limitation on the power of the removing defendant when joint liability is asserted by a general allegation in the nature of a conclusion, such as appears in plaintiff's petition. In the petition for removal, and the affidavits presented in opposition to plaintiff's motion to remand, it is asserted as a fact that the resident defendant had nothing to do with the transaction out of which plaintiff's cause of action arises. Defendant could scarcely do more than to meet this issue. It is called on to prove a negative against an all-embracing, sweeping conclusion. A negative in its very nature usually is susceptible of no more than approximate proof, and generally is sufficiently proved by proving some affirmative fact or state of facts inconsistent with the affirmative of the proposition to be negatived. Burns v. United States (C. C. A. 2) 160 F. 631; Prentice v. Crane, 234 Ill. 302, 84 N. E. 916; Lawson v. Wright, 21 Ga. 242.

General allegations charging joint liability have been condemned in removal cases as attempts to prevent removal. McGuire v. Great Northern Ry. Co. (C. C. Iowa) 153 F. 434; Reinartson v. Chicago, Great Western Ry. Co. (C. C. Iowa) 174 F. 707. The removing defendant stated facts, though in the nature of negatives, and it is apparent in the circumstances here presented that it placed before the court the best evidence possible. Plaintiff could have come forward with some showing of fact, such as who hired him, who paid him, where he worked, when he worked for the different companies, and on this record we think he was called upon to meet the removal allegations with evidence. Not having so done, he cannot complain that the court held his pleading a device to prevent removal. His failure to produce more satisfactory evidence, when within his power, creates an unfavorable presumption against him. Lincoln Nat. Life Ins. Co. v. Erickson (C. C. A. 8) 42 F.(2d) 997; Backus v. Owe Sam Goon (C. C. A. 9) 235 F. 847.

The order denying plaintiff's motion to remand was prematurely entered. The court might well have set it aside on that ground, but if, on consideration of the showing made by plaintiff on its motion for rehearing upon the merits, the court was of the view that the order should not be disturbed, then it was not required to encumber the record by useless orders. The court had inherent power during the term at which the order was entered to relieve plaintiff therefrom, but it is common practice upon application, to open up a judgment, instead of setting it aside, annulling, or reversing it, and to allow the party attacking the judgment a hearing on the merits, the judgment meanwhile remaining in force, and if the attack is successful the judgment is then vacated; otherwise, it is closed by action of the court, and operates as if it had never been disturbed. In the instant case, we must presume that the court considered plaintiff's showing presented in support of his motion for rehearing on the merits.

There is nothing tangible, definite, or convincing in the affidavit filed by plaintiff on his motion for rehearing. Whether it be considered as part of the record on the motion to remand, or merely as a showing on motion for rehearing, the result must be the same. It shows that the St. Joseph Lead Company owns 97 or 98 per cent. of the capital stock of the Doe Run Lead Company. This does not tend to establish a joint liability on any theory presented in plaintiff's petition, even that of the alleged agency. A corporation exists as an entity, and in an action at law the court will not go beyond such fact to establish the real ownership thereof. Exchange Nat. Bank v. Meikle (C. C. A. 9) 61 F.(2d) 176; Green v. Victor Talking Machine Co. (C. C. A. 2) 24 F.(2d) 378, 59 A. L. R. 1091. The court here is not asked to disregard corporate entities; in fact, corporate entities are sued as such. This affidavit also shows that part of the workings of the Federal Lead Company penetrates and is operated **on** property of the Doe Run Lead Company. Other allegations of the affidavit rest entirely on hearsay; if, indeed, all of it is not hearsay. We conclude that the court properly denied the motion to remand.

398

Counsel for plaintiff, in his brief and on oral argument, conceded that sustaining the plea to the jurisdiction was proper, if the lower court was not in error in denying the motion to remand, and we, therefore, pretermit any discussion of that question.

The judgment appealed from is therefore affirmed.