**MOORE v. MAURER–NEUER CORPORATION, Inc., et al.**

**No. 2954.**

District Court, W. D. Missouri, W. D.

April 5, 1945.

Terrance W. Imes, of Kansas City, Mo., for plaintiff.

Mosman, Rogers, Bell & Conrad, of Kansas City, Mo., for defendants Maurer-Neuer Corporation, Inc., and Delico Meat Products Co.

REEVES, District Judge.

The non-resident corporate defendant, Maurer-Neuer Corporation, Inc., removed this cause from a state court upon the grounds that the local defendants, Delico Meat Products Company and Arthur Maurer, were fraudulently joined, and, moreover, that a separable controversy existed between the plaintiff, a resident, and the above named non-resident corporation. The petition for removal contains recitals to the effect that Delico Meat Products Company, the local defendant corporation, "was not at the time of the plaintiff's injury, has not since been, and is not now actively operating any business at 1121 East 12th Street in Kansas City, Missouri, and was not maintaining any stairway in said building prior to the time of plaintiff's injuries; that about the month of June, 1943, said Delico Meat Products Company transferred and conveyed its assets, including the property at 1121 East 12th Street in Kansas City, Missouri, to the defendant, Maurer-Neuer Corporation, Inc.; that at no time mentioned in plaintiff's petition did said Delico Meat Products Company operate nor has it operated since June, 1943, any kind of business conducted at said 1121 East 12th Street in Kansas City, Missouri."

It was charged in the complaint that the two local defendants and the non-resident defendant were operating the premises at 1121 East 12th Street in Kansas City, Missouri, and that by reason of their joint and concurring negligence the plaintiff suffered the injuries for which he has brought suit.

The petition for removal, with respect to the resident personal defendant, Arthur B. Maurer, states: "* * * that the duties of the said Arthur B. Maurer did not relate to the operation of said business or the maintenance of said stairway; that all of the foregoing facts were known to the plaintiff at the time he filed his petition and joined the said Arthur B. Maurer as a party defendant, or could

692

have been known by him in the exercise of any reasonable diligence or investigation on his part; that in view of said facts, as aforesaid, the joinder of said Arthur B. Maurer as a defendant is a sham and fraud for the sole purpose of preventing your petitioner from removing this cause from this court to the United States District Court for the Western Division of the Western District of Missouri."

The petition for removal was verified. No other evidence on the factual questions has been presented.

The plaintiff denies the averments of the petition for removal by an unverified motion to remand.

█ 1. The verification of the petition for removal may be accepted as sufficient proof of the facts therein alleged if this statement of facts be sufficient. It is charged that the plaintiff knew that the local defendant, Arthur B. Maurer, was not performing any duties in relation to the business carried on at 1121 East 12th Street, in Kansas City, Missouri, "and was not maintaining any stairway in said building prior to the time of plaintiff's injuries."

In the absence of proof to the contrary the fact would ordinarily be established by the pleadings that the said Arthur B. Maurer was fraudulently joined for the sole purpose of avoiding the jurisdiction of this court and that such joinder was a sham.

In this case it is admitted that the personal defendant bore a relation to the removing defendant which would usually devolve upon him responsibility for the maintenance of the stairway mentioned, in a safe condition. The plaintiff had a right to rely on said defendant performing a service his position would indicate he owed and was bound to perform. If plaintiff knew the real facts, as alleged in the removal petition, then such facts being contrary to appearances and custom, it became the burden of defendant in its proof to show in what way plaintiff learned the facts or how, and in what way, he became chargeable with knowledge of facts not ordinarily known or suspected.

█ While the averments of the removal petition may be sufficient to warrant an order of removal, the language thereof is inadequate to sustain the burden of proof.

2. However, the same principle does not apply in relation to the local defendant, Delico Meat Products Company. The removing defendant was content to say that it was an inactive corporation and had nothing to do with the operation of the business at the address mentioned (the place where plaintiff says he received his injuries) and that, in consequence, no liability could be established against it. There was no averment in the petition for removal that this plaintiff knew this.

█ The complaint states a joint cause of action against all of the defendants. The good faith of the plaintiff with respect to the resident corporation is not challenged. It is nowhere averred that he knew the facts alleged by the removing defendant, nor that by diligence he could have learned them, nor were the facts proved as to the local defendant.

The cases are legion that joinder is not fraudulent except in those cases where the bad faith of the plaintiff is established. In Leonard v. St. Joseph Lead Co., 8 Cir., 75 F.2d 390 loc. cit. 394, the Court of Appeals, Eighth Circuit, said: "The joinder must have been in bad faith in order to warrant removal. The joinder of a defendant is fraudulent if it is clear that under the law of the state in which the action is brought, the facts alleged by the plaintiff as the basis for the liability of the resident defendant could not create a joint liability against him and his codefendant, so that the assertion of a joint cause of action is, as a matter of local law, plainly sham and fraudulent."

Since the complaint states a joint cause of action there is nothing on the face of the petition to show, as a matter of local law, that the plaintiff could not recover against all of the defendants.

The court continued (Leonard v. St. Joseph Lead Co., supra): "Such joinder is also fraudulent if the facts alleged in plaintiff's pleading with reference to the resident defendant are shown to be so clearly false as to demonstrate that no factual basis exists for an honest belief on the part of the plaintiff that there is a joint liability. If there is doubt as to whether, under the state law, a case of joint liability is stated, or if there is doubt whether the allegations with respect to the resident defendant are false, as when that question depends upon the credibility of witnesses and the weight of evi-

dence, the joinder is not to be held fraudulent."

In this case it is undisputed that the resident corporation did operate at the same place and carry on the identical business now carried on by the removing defendant. The removing defendant did not charge that the plaintiff was apprised of the fact that the local defendant had quit business. Upon the record, as it was presented to him, he had every reason to believe that the local corporation was continuing to transact business at that place. The burden was upon the removing defendant to show fraudulent joinder. This burden has not been carried insofar as the local corporate and personal defendants are concerned.

3. As indicated heretofore, the averments of the complaint are general in their nature. However, they do state a joint cause of action. Note the following language in the complaint:

"2. Plaintiff further states that the defendants own, control and manage the real property, building and premises at 1121 East 12th Street, Kansas City, Jackson County, Missouri, and that the injuries to plaintiff hereinafter alleged were caused and brought about by the joint and concurring acts of negligence of all of the defendants as hereinafter set out."

"4. Plaintiff further states that his said injuries were caused and directly brought about by the joint and concurring acts of negligence of all of the defendants."

In view of the above, the cause should be remanded to the state court from which removed, and it will be so ordered.