## MANNING *v.* AMY.

ERROR TO THE SUPERIOR COURT OF THE STATE OF MASSACHUSETTS,
HOLDEN AT BOSTON.

No. 303.   Argued April 14, 1891. — Decided May 11, 1891.

The defendant in an action in a state court after moving to dismiss the
action, and after pleading in abatement answered, December 29, 1884, the
last day of the term at which the writ was returnable, and moved to
remove the case to the Federal court for the district " in case said
motion should not be allowed and in case said plea should not be sus-
tained." No steps being taken on the motion for removal, the case came
on for trial in the state court at January term, 1886. The motion being
then pressed, the court ruled that it was too late, and proceeded to trial,
and gave judgment against the defendant. *Held,*
 (1) That the conditional application for removal in December, 1884, was
     not a valid application for removal as contemplated by the statute;
 (2) That the application made at the trial term in 1886 was made too
     late.

THE case is stated in the opinion.

*Mr. Jerome F. Manning* in person for plaintiff in error.

*Mr. Theodore F. H. Meyer* for defendant in error.

MR. JUSTICE LAMAR delivered the opinion of the court.

This was an action on contract, brought in the Superior
Court of the Commonwealth of Massachusetts for the county
of Suffolk, by Henry Amy, a citizen of New York, against
Jerome F. Manning, a citizen of Massachusetts, principal de-
fendant, and certain other named defendants who were sup-
posed to have property belonging to Manning in their possession,
to recover the amounts of four certain promissory notes, ag-
gregating $23,475, exclusive of interest.

The action was commenced September 5, 1884, by a writ
returnable on the first Tuesday in October, 1884. It appear-
ing on the return day that the writ had been served on only
a few of the garnishees, and not on the principal defendant,
the court made an order directing that personal service be

made upon him at least fourteen days prior to the fourth Tuesday in October of that year. Personal service was effected on the defendant October 9, 1884, at Boston, by a deputy sheriff, and return thereof was made on the following day. On the 14th of that month, Charles Cowley entered his appearance specially for the defendant Manning, and on the 22d of the same month filed a motion to dismiss the action. On the 6th of November, following, Wilbur H. Powers entered a special appearance for Manning, and filed a motion to dismiss and a plea in abatement, both of which were based upon the ground that the writ had not been personally served on him. On the 22d of December, 1884, the aforesaid motion and plea not having been passed upon, the court ordered the defendant Manning to file an answer on or before December 26 of that year. This he did.

On the 29th of December, 1884, the last day of the October term of the court, Manning filed what purported to be a petition and bond for the removal of the cause to the United States Circuit Court for the District of Massachusetts, and he also, simultaneously and in connection therewith, filed the following motion:

" *Defendant's Motion Touching the Removal of this Action.*

" And now comes the defendant specially and suggests to the court that he has heretofore filed a motion to dismiss this action for causes therein set forth and also a plea in abatement for causes therein set forth, but neither said motion nor said plea has yet been heard or determined by this court, and the court is about to adjourn without day.

" He also suggests that he has herewith filed a petition for the removal of this cause to the Circuit Court of the United States for the District of Massachusetts, together with a suitable bond therefor, but that he has filed the same without prejudice to said motion or said plea.

" Wherefore, in case said motion should not be allowed and in case said plea should not be sustained, he prays the court to order the removal of this action, as prayed for in said petition.                            " JEROME F. MANNING,

"By his att'y, WILBUR H. POWERS."

Thereupon the case was continued *nisi* to the January term, 1885, "the defendant reserving his right to remove to the Circuit Court of the United States." At a hearing on the 3d of March, 1885, the aforesaid motion to dismiss and the plea in abatement were overruled, and the defendant appealed on March 10, 1885. What became of this appeal does not appear, but it does not seem to have been perfected, as no proceedings on it appear in the record.

Nearly a year afterwards, to wit, on the 2d of February, 1886, the cause being still on the trial docket of the Superior Court, at its January term, 1886, Wilbur H. Powers withdrew his appearance as attorney for defendant Manning; and on the 8th of the same month Charles Cowley appeared generally for him. When the case was reached for trial at the January term, 1886, of the court, the defendant's counsel called the court's attention to the steps taken by him to secure the removal of the cause to the Circuit Court of the United States, and asked the court to remove the same, at the same time objecting to a trial in the state court. The court ruled, however, that the request came too late, that the right to remove was waived, and overruled the objection and ordered the trial to proceed. The case went to trial on the 11th of February, before the court and a jury, resulting in a verdict, on the 16th of the same month, in favor of the plaintiff, for $27,958.38. On the 19th of February the defendant made a motion for a new trial, which was heard on the 8th of March following, and allowed, unless the plaintiff should remit from the amount of the verdict the sum of $699.24. The plaintiff filed a remittitur of that amount on the 9th of March, whereupon the motion for a new trial was overruled.

The case then went to the Supreme Judicial Court for the Commonwealth of Massachusetts, on exceptions taken by the defendant. Those exceptions were overruled by that court, (144 Mass. 153,) the rescript being received by the Superior Court at its January term, 1887.

A motion for a new trial, on the ground of newly discovered evidence, was overruled by the Superior Court on the 14th of May, 1887; and on the 23d of that month that court

entered judgment in favor of the plaintiff, and against the defendant, for the sum of $29,335.37 damages, and for costs of suit, taxed at $95.22. Thereupon the present writ of error was sued out.

The foregoing is a statement of all the facts essential to the present inquiry. From this statement it is readily perceived that the only Federal question in the case is as to the effect of the so-called application for the removal of the cause to the Circuit Court of the United States for the District of Massachusetts.

It is familiar law that, in a proper case, the filing of a petition for removal, accompanied by a proper and legal bond, operates of itself to remove a case from the state court to the United States Court. It is sought to bring this case within that rule ; and it is, therefore, insisted that the proceedings in the Superior Court on the 29th of December, 1884, operated, in law, to oust that court of jurisdiction and to remove the cause to the Federal court. We think, however, that such was not the effect of those proceedings.

No question is made as to the diverse citizenship of the parties, nor can it admit of a doubt that the application for removal, if it can be properly called such, was, when first filed, made at the proper time. If, therefore, the petition and bond had been in due form, and had been unaccompanied by the motion filed simultaneously with them, and as a part of them, it is equally clear that the removal to the Federal court would have been properly effected.

Counsel for defendant in error insist that both the petition and the bond are defective in form and effect, in that the petition asks for the removal of the case to the " Circuit Court of the United States for the First District of Massachusetts," (whereas no such district existed as the first district of Massachusetts,) and that the bond was not justified nor the sureties approved when the case was reached for trial. It should be observed that no objection was made to the removal in the state court on either of these grounds. We do not deem it necessary to pass upon these defects of the petition and the bond, for it is clear to our minds that, with the accompanying

motion, they do not constitute a valid application for removal, as contemplated by the statute. Indeed, the proceeding was not even in intent an application for removal to take effect on the date of its filing. The petition, read and construed, as it must be, with the accompanying motion, asks not for a removal, but for the judgment of the court on a motion and a plea in abatement which, if rendered as asked for, would have made a removal unnecessary and impossible. In any view, it was a mere conditional application for removal in case the court, after consideration of the motion to dismiss and the plea in abatement, should overrule both.

The record recites that after the motion touching the removal of the case was filed with the petition and bond for removal, " thence the same was continued *nisi* to the January term, 1885, the defendant *reserving* his *right* to remove to the Circuit Court of the United States as aforesaid," the continuance being manifestly ordered for the purpose of an opportunity to hear and determine the said motion and plea. The avowed purpose of the defendant in the proceedings was to have the state court retain jurisdiction for the purpose of getting a judgment in his favor, and not to have the case removed unless the judgment went against him. It is clear that Congress did not, by the act of March 3, 1875, intend to allow the defendant " to experiment on his case in the state court, and, if he met with unexpected difficulties, stop the proceedings, and take his suit to another tribunal." *Removal Cases,* 100 U. S. 457, 473. Such a proceeding was not authorized by that act. We hold, therefore, that the proceedings in the state court on the 29th of December, 1884, did not have the effect to remove the cause to the Federal court.

Did the subsequent action of the defendant's attorney in calling the attention of the court to those proceedings when the case was called at a subsequent term of the court, in February, 1886, have that effect? We think not. An inspection of the record shows that, as stated above, the answer of the defendant was filed on the 26th of December, 1884, at the October term of the court, and that on the same day he claimed a trial by jury. The case was then ready for trial, so far as

the issues in it were concerned, and could have been tried at that term of the court. That term closed on the 29th day of that month; and on the 3d day of March, 1885, which was the next term, said motion and plea in abatement were overruled, and the defendant excepted. The case was then put on the trial list for that term and the subsequent terms, up to the time it was reached in its order at the January sitting, 1886; and the defendant took no further action for the removal until it was reached for trial, when he called attention to the steps he had taken for removal, and objected to the trial of the action in the State court. It was then too late, under the statute of March 3, 1875, to make an application for removal to the Federal court. *Babbitt* v. *Clark*, 103 U. S. 606, 612; *Pullman Palace Car Co.* v. *Speck*, 113 U. S. 84, 87; *Gregory* v. *Hartley*, 113 U. S. 742, 746.

This disposes of the only Federal question in the case, and the judgment of the court below is

*Affirmed.*

Mr. Justice Bradley was not present at the argument, and took no part in the decision of this case.