# PENNSYLVANIA COMPANY *v.* BENDER.

ERROR TO THE SUPREME COURT OF THE STATE OF OHIO.

No. 1142. Submitted March 6, 1893. — Decided March 20, 1893.

Under the act of March 3, 1887, 24 Stat. c. 373, § 2, pp. 552, 553, a finding by the Circuit Court of the United States, on an application for the removal of a cause from a state court, that the application is sufficient, and such as entitles the defendant to remove the cause to a Federal court, does not, of itself, work such removal, but an order of the court to that effect, equivalent to a judgment, must be made.

When a manifestly defective petition for the removal of a cause from a state court to a Federal court is filed in the trial court of the State, and that court denies it, and proceeds to trial and judgment on the merits, and the cause is taken in error to an appellate court of the State, where the judgment below is affirmed, no Federal question arises.

*Kanouse* v. *Martin*, 15 How. 198, distinguished.

ON September 12, 1887, the defendant in error filed his petition in the court of common pleas of Holmes County, Ohio, to recover from the defendant, the Pennsylvania Company, the sum of $10,000. On October 3, the defendant answered. On March 2, 1888, it filed a petition for removal to the United States Circuit Court for the Northern District of Ohio. On March 24, a motion was made to strike this petition from the files, which, on March 27, was sustained. At the May term, 1888, a trial was had, both parties appearing. A verdict was returned by the jury for $6000, upon which judgment was duly entered. Thereafter a petition in error was filed in the Circuit Court of Holmes County to reverse such judgment. To this petition in error were attached two transcripts; one of the record in the court of common pleas, and the other of a certain journal entry of the Circuit Court of the United States for the Northern District of Ohio. This journal entry was as follows:

" George S. Bender, Administrator, ⎫
          vs.                     ⎬ Law.
    The Pennsylvania Company.     ⎭

" TUESDAY, *March* 6, 1888.

" This day came on to be heard the petition of the defendant for an order for the removal of this case from the court of common pleas of Holmes County, Ohio, and, it appearing to the court that the defendant has filed in this court its petition, bond and affidavit under the 2d section of the act of Congress of March 3, 1887, entitled ' An act to determine the jurisdiction of Circuit Courts of the United States and to regulate the removal of causes from State courts and for other purposes,' etc., from which it appears to the court that said affidavit is in compliance with said 2d section of said act of Congress, and that said bond is sufficient and satisfactory, and that said defendant by its petition, affidavit and bond has shown that it is entitled to remove cause to this court."

In that court a motion was made to strike the petition in error from the files; which motion was sustained. Thereupon the defendant filed its petition in error in the Supreme

Court of the State to reverse this ruling. On May 17, 1892, that court sustained the ruling of the Circuit Court and affirmed the judgment, to reverse which judgment of affirmance plaintiff in error sued out a writ of error from this court. The case is now submitted on a motion to dismiss.

*Mr. Lyman R. Critchfield,* for the motion.

*Mr. L. L. Gilbert,* (with whom were *Mr. J. R. Carey* and *Mr. F. J. Mullins* on the brief,) opposing.

MR. JUSTICE BREWER delivered the opinion of the court.

So far as the record of the case in the court of common pleas is concerned, there is/obviously no error and no semblance of a Federal question. The petition there filed for removal was manifestly defective. It simply alleged that the plaintiff was a resident of the State of Ohio, and did not show his citizenship. In the petition in error filed in the Circuit Court no complaint was made of the order of the court of common pleas, striking out this petition for removal. Looking, therefore, only at the record of the court of common pleas, as it was presented to the Circuit Court, there was but one thing that it could do, and that was to affirm the judgment.

The contention, however, of the plaintiff in error is, that the order made in the United States court prior to the trial in the common pleas operated, by virtue of the act of Congress of March 3, 1887, to oust the common pleas court of jurisdiction, and remove the case to the Federal court, and that, therefore, the subsequent proceedings of trial and judgment were *coram non judice* and void.

But no order of removal was made by the Federal court. The journal entry, which is certified by the clerk to be the entire entry, is simply a finding that the application for removal is sufficient, and such as entitles the defendant to remove the cause to the Federal court. But such finding does not remove the case any more than an order overruling a demurrer to a petition makes a judgment. Such an order is simply an adjudication of the right of the plaintiff to a

judgment.   Upon it alone execution cannot issue.   There must be a judgment; or, in other words, an order based upon the determination of the right.   A mere finding that the party is entitled to a removal is no order, and does not of itself work the removal.

There is a difference between the act of 1887 and earlier statutes in respect to the provisions for removals.   Thus in the act immediately prior, that of 1875, the proceedings were these: The party desiring to remove filed in the state court his petition and bond; which, being done, the act provided that " it shall then be the duty of the state court to accept said petition and bond, and proceed no farther in such suit." And, also, that upon the filing of the copy of the record in the Circuit Court of the United States " the cause shall then proceed in the same manner as if it had been originally commenced in the said Circuit Court."   Under that statute the proceedings were had in the state court — proceedings, therefore, of which it had knowledge, and the specific provision was that upon the filing of a sufficient petition and bond the state court should accept them, and proceed no further.   No adjudication by the state court of the sufficiency of the petition and bond was essential; no failure of such adjudication prevented a removal; and yet the state court had a right to examine and see whether the petition and bond were sufficient.   As said in *Removal Cases*, 100 U. S. 457, 474, " we fully recognize the principle heretofore asserted in many cases, that the state court is not required to let go its jurisdiction until a case is made which, upon its face, shows that the petitioner can remove the cause as a matter of right."

The act of March 3, 1887, 24 Stat. 552, 553, c. 373, § 2, establishes a different procedure, as follows: " Any defendant . . . may remove such suit into the Circuit Court of the United States for the proper district, . . . when it shall be made to appear to said Circuit Court that from prejudice or local influence he will not be able to obtain justice in such state court."   There is no specific declaration when proceedings in the state court shall stop.   The right to a removal is determined by the Federal court, and determined upon

evidence satisfactory to it. When it is satisfied that the conditions exist, the defendant may remove: how? The proper way is for him to obtain an order from the Federal court for the removal, file that order in the state court, and take from it a transcript and file it in the Federal court. It may be said that these steps are not in terms prescribed by the statute. That is true; and also true that no specific procedure is named. The language simply is that the defendant may remove, when he has satisfied the Federal court of the existence of sufficient prejudice. The statute being silent, the general rules in respect to the transfer of cases from one court to another must obtain. If the order of one court is to stay the action of another, the latter is entitled to notice. If a case is to pass from one court to another, this is done by filing a transcript of the record of the one in the other. (*Virginia* v. *Paul, ante,* 107.) Such orders and transfers are generally in appellate proceedings; yet something of the same kind is appropriate and necessary in the orderly administration of affairs to transfer, by order of the Federal court, a case from the state court to itself. Certainly this statute does not abolish the law of comity, which controls the relations of the courts of two sovereignties exercising jurisdiction within the same territorial limits, nor does it abrogate the duty of counsel to seasonably advise the courts of which they are counsel of any matter which, if known, would prevent an erroneous exercise of jurisdiction. At any rate, if these exact steps are not requisite, something equivalent thereto is. If there had been more attention paid to these matters in removal proceedings, there would have been less irritation prevailing in state tribunals at removals.

But, again, the Revised Statutes of the State of Ohio of 1891 contain these sections:

" Section 6709. A judgment rendered, or final order made by the common pleas court, may be reversed, vacated, or modified by the circuit court, for errors appearing on the record. . . .

. " Section 6710. A judgment rendered, or final order made, by the circuit court, any court of common pleas, probate court or the superior court of any city or county, may be reversed,

vacated or modified by the Supreme Court, on petition in error, for errors appearing on the record." . . .

And these provisions are in accord with the general rule in reference to the scope of inquiry in a reviewing court. Now, the record of the common pleas court disclosed no order of removal, no steps essential thereto. Obviously upon that record, as heretofore said, the Circuit Court could do nothing but affirm the judgment. The record of another court was presented and invoked to compel a decision that there was error in the proceedings of the common pleas court; and in support of this contention the case of *Kanouse* v. *Martin*, 15 How. 198, is cited. In that case it appeared that a suit was commenced in the court of common pleas for the city and county of New York. The defendant filed a petition and bond for removal. The court of common pleas denied his petition, and proceeded to try the case. Judgment having been rendered against him, he took the case to an appellate state court. The record which was sent up did not include the removal proceedings, they being matters which the statutes of New York State did not authorize to be incorporated into and made a part of the record. Diminution of the record was suggested, and thereupon a transcript of those proceedings was sent to the appellate court, but that court, holding that they were not, under the statutes of New York, technically a part of the record, refused to consider them, and affirmed the judgment. On a writ of error from this court the judgment was reversed, and it was held that, although those matters were not technically a part of the record according to the statutes of New York, yet that the act of Congress granting the right of removal was binding upon all the courts of the States, and that, if the proceedings were sufficient under that statute for removal, it was the duty of the appellate court to disregard the state limitation and inspect the removal proceedings. In its opinion, on page 208, this court said:

"But it is objected that this is a writ of error to the Superior Court, and that by the local law of New York, that court could not consider this error in the proceedings of the

Court of Common Pleas, because it did not appear upon the record, which, according to the law of the State, consisted only of the declaration, the evidence of its service, the entry of the appearance of the defendant, the rule to plead, and the judgment for want of a plea, and the assessment of damages; and that these proceedings, under the act of Congress, not being part of this technical record, no error could be assigned upon them in the Superior Court. This appears to have been the ground upon which the Superior Court rested its decision. That it was correct, according to the common and statute law of the State of New York, may be conceded. But the act of Congress, which conferred on the defendant the privilege of removal, and pointed out the mode in which it was to be claimed, is a law binding upon all the courts of that State; and if that act both rendered the judgment of the Court of Common Pleas erroneous, and in effect gave the defendant a right to assign that error, though the proceeding did not appear on the technical record, then, by force of that act of Congress, the Superior Court was bound to disregard the technical objection, and inspect these proceedings."

But all that that case decided was that when the statute of the State fails to make certain proceedings had in the trial court a part of the record for review in the appellate court, a law of Congress which gives a specific effect to those proceedings, if sufficient in form, compels an examination of them in the appellate court, in order that it may be there determined whether the trial court improperly refused to give the due effect to them. Or, to state it in other words, the act of Congress broadens the technical rule of the State statute so as to include in the record other proceedings actually had in the trial court. But that case does not decide that an appellate and reviewing court must examine other than the proceedings of the court whose judgment is sought to be reviewed. See upon this question the case of *Goodenough Horseshoe Manufacturing Co.* v. *Rhode Island Horseshoe Co.*, 131 U. S. App. ccxxviii, decided by this court in 1877, and reported in 24 L. C. P. R. Co. Rep. 368.

*The motion to dismiss must be sustained.*