## QUEENSBORO NAT. BANK OF THE CITY OF NEW YORK v. KELLY.

## KELLY v. QUEENSBORO NAT. BANK OF THE CITY OF NEW YORK.

(District Court, E. D. New York. October 21, 1926.)

Nos. 2743, 2886.

**1. Removal of causes ⊂⇒89(1).**

Under Judicial Code, §§ 28, 29 (Comp. St. §§ 1010, 1011), state court, on filing of sufficient petition and bond for removal to federal court, should accept same and proceed no further.

**2. Removal of causes ⊂⇒95.**

Jurisdiction of federal court depends on compliance or noncompliance with law of Congress, and is not affected by order of state court, either refusing or granting removal.

**3. Removal of causes ⊂⇒89(1).**

Under Judicial Code, §§ 28, 29 (Comp. St. §§ 1010, 1011), removal petition presents only a question of law for state court as to whether, assuming facts stated in petition to be true, face of record discloses a removable cause.

**4. Removal of causes ⊂⇒89(2).**

Under Judicial Code, §§ 28, 29 (Comp. St. §§ 1010, 1011), state court has power to examine petition and bond for removal to determine their sufficiency, and, if insufficient, may disregard them and proceed.

**5. Removal of causes ⊂⇒89(2).**

Issues of fact, arising on petition for removal, are determined in federal court; state court being required to accept as true allegations of fact in petition.

**6. Removal of causes ⊂⇒89(2).**

Under Judicial Code, §§ 28, 29 (Comp. St. §§ 1010, 1011), state court has no power to determine question of fact with reference to diversity of citizenship alleged in petition for removal.

**7. Removal of causes ⊂⇒86(2).**

Petition for removal of causes to federal court on ground of diversity of citizenship need not contain affirmative allegation that defendant is a nonresident of the state.

**8. Removal of causes ⬤➾17—Defense in state court after denial of petition for removal held not waiver of right.**

Defendant, by proceeding to make defense in state court after that court had ruled that he had no right of removal to federal court, *held* not to have waived right to removal nor forfeited his right to trial in federal court of question of diversity of citizenship.

**9. Courts ⬤➾508(8)—Defendant held entitled to injunction against proceedings in state court after denial of petition for removal (Judicial Code, §§ 28, 29 [Comp. St. §§ 1010, 1011]).**

Where state court improperly determined for itself question of fact as to diversity of citizenship and denied petition, under Judicial Code, §§ 28, 29 (Comp. St. §§ 1010, 1011), for removal, defendant was entitled to injunction against further proceeding in state court.

Action by the Queensboro National Bank of the City of New York against William F. Kelly, wherein defendant, after denial of his petition for removal of cause to federal court, filed a certified copy of the record in the office of the clerk of the federal court, and suit by William F. Kelly to enjoin the Queensboro National Bank of the City of New York from proceeding further with its action in state court, heard together. On motion of plaintiff in the first-named action for order remanding cause to state court, and on motion of plaintiff in second-named action for preliminary and provisional injunction. Motion of plaintiff in first action denied; motion of plaintiff in second action granted.

Samuel Perlo, of New York City, for Queensboro Nat. Bank of New York City.

Ignatius A. Scannell, of New York City, for Kelly.

CAMPBELL, District Judge. The first above entitled action was brought in the Supreme Court, Queens County, and was commenced by the service of a summons and verified complaint on the defendant personally, on July 8, 1926. On July 22, 1926, the defendant, William F. Kelly, served upon the plaintiff, the Queensboro National Bank of the City of New York, a copy of a petition for removal of this action to the United States District Court for the Eastern District of New York, and notice of motion before the Supreme Court for July 27, 1926, and an undertaking.

On July 27, 1926, the motion was adjourned to July 29, 1926, the said defendant's time to answer being extended to July 29, 1926. On July 29, 1926, the motion came on for argument and was argued, affidavits being presented by both sides, and the said defendant's time to answer was extended to August 3, 1926. On August 3, 1926, the motion was denied by an order of the Supreme Court, made by Mr. Justice Cropsey, on the ground that "court is of the opinion that this cause is not removable to the United States court," the following memorandum being filed:

"Motion to remove to federal court denied. Upon the papers it is not found as a fact that the defendant was a nonresident when the action was commenced. 7/30/26."

On August 3, 1926, a certified copy of the record was duly filed in the office of the clerk of the United States District Court, Eastern District of New York, and on September 2, 1926, the answer of the said defendant, William F. Kelly, was filed in said clerk's office. The bond on removal was approved by Mr. Justice Cropsey as to form and sufficiency, in said order of August 3, 1926.

The Queensboro National Bank of the City of New York now moves for an order remanding the first above entitled action from this court to the Supreme Court of the State of New York, Queens County. Since the filing of the record of removal in the clerk's office of this court, the state court has refused to recognize the case as being removed, and has continued to proceed with the hearing thereof, and the said William F. Kelly, the defendant in the first above entitled action, has brought the second above entitled action, and now moves for a preliminary and provisional injunction restraining the defendant, the Queensboro National Bank of the City of New York, which is the plaintiff in the first above entitled action, from proceeding further in that action in the state court. On these two motions the said above entitled actions now come before this court.

So much of section 28 of the Judicial Code (Comp. St. § 1010) as is necessary for consideration in the case at bar reads as follows:

"Any suit of a civil nature, at law or in equity, arising under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, of which the District Courts of the United States are given original jurisdiction by this title, which may now be pending or which may hereafter be brought, in any state court, may be removed by the defendant or defendants therein to the District Court of the United States for the proper district. Any other suit of a civil nature, at law or in equity, of which the District Courts of the United States are given jurisdiction by this title, and which are now pending or which title, and which are now pending or which

may hereafter be brought, in any state court, may be removed into the District Court of the United States for the proper district by the defendant or defendants therein, being nonresidents of that state. And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the District Court of the United States for the proper district. * * * Whenever any cause shall be removed from any state court into any District Court of the United States, and the District Court shall decide that the cause was improperly removed, and order the same to be remanded to the state court from whence it came, such remand shall be immediately carried into execution, and no appeal or writ of error from the decision of the District Court so remanding such cause shall be allowed."

Section 29 of the Judicial Code (Comp. St. § 1011) reads as follows:

"Whenever any party entitled to remove any suit mentioned in the last preceding section, except suits removable on the ground of prejudice or local influence, may desire to remove such suit from a state court to the District Court of the United States, he may make and file a petition, duly verified, in such suit in such state court at the time, or any time before the defendant is required by the laws of the state or the rule of the state court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff, for the removal of such suit into the District Court to be held in the district where such suit is pending, and shall make and file therewith a bond, with good and sufficient surety, for his or their entering in such District Court, within thirty days from the date of filing said petition, a certified copy of the record in such suit, and for paying all costs that may be awarded by the said district court if said District Court shall hold that such suit was wrongfully or improperly removed thereto, and also for their appearing and entering special bail in such suit if special bail was originally requisite therein. It shall then be the duty of the state court to accept said petition and bond and proceed no further in such suit. Written notice of said petition and bond for removal shall be given the adverse party or parties prior to filing the same. The said copy being entered within said thirty days as aforesaid in said District Court of the United States, the parties so removing the said cause shall, within thirty days thereafter, plead, answer, or demur to the declaration or complaint in said cause, and the cause shall then proceed in the same manner as if it had been originally commenced in the said District Court."

[1] It was the duty of the state court, on the filing of a sufficient petition and bond, to accept the same and proceed no further in the case. Steamship Co. v. Tugman, 106 U. S. 118, 1 S. Ct. 58, 27 L. Ed. 87; Traction Co. v. Mining Co., 196 U. S. 239, at page 253, 25 S. Ct. 251, 49 L. Ed. 462; Anderson v. United Realty Co., 222 U. S. 164, 32 S. Ct. 50, 56 L. Ed. 144.

[2] The jurisdiction of the United States court always depends upon a compliance or noncompliance with the law of Congress in force at the time, and not in any measure upon the decision of the state court. Neither an order refusing nor an order granting a removal can affect the jurisdiction of the United States court. Manning v. Amy, 140 U. S. 137, 11 S. Ct. 757, 35 L. Ed. 386; Pennsylvania Co. v. Bender, 148 U. S. 255, 13 S. Ct. 591, 37 L. Ed. 441; Powers v. Chesapeake & Ohio Railway, 169 U. S. 92, 18 S. Ct. 264, 42 L. Ed. 673.

[3] A removal petition presents for the state court's consideration a question of law only as to whether, assuming the facts stated in the petition to be true, the face of the record discloses a removable cause. Donovan v. Wells, Fargo & Co., 169 F. 363, 94 C. C. A. 609, 22 L. R. A. (N. S.) 1250.

[4] The state court has the power to examine the petition and bond in order to ascertain whether they are sufficient. If they are insufficient, it may disregard them and proceed with the suit. Stone v. South Carolina, 117 U. S. 430, 6 S. Ct. 799, 29 L. Ed. 962.

[5] Issues of fact arising upon a petition for removal are to be determined in the federal court, and the state court, for the purpose of determining for itself whether it will surrender jurisdiction, must accept as true the allegations of fact in such petition. Illinois Central R. R. Co. v. Sheegog, 215 U. S. 308, 30 S. Ct. 101, 54 L. Ed. 208; Chicago, R. I. & Pac. Ry. v. Dowell, 229 U. S. 102, 33 S. Ct. 684, 57 L. Ed. 1099; Chesapeake & Ohio Ry. v. Cockrell, 232 U. S. 146, 34 S. Ct. 278, 58 L. Ed. 544.

[6] Issues of fact raised upon a petition for removal must be tried in the United States court. Kansas City Railroad v. Daughtry, 138 U. S. 298, 11 S. Ct. 306, 34 L. Ed. 963. It therefore follows that the state court had no power to determine the question of fact

with reference to the diversity of citizenship in the case at bar, as it seems to have tried to do. See opinion of justice in state court, in which he says: "Upon the papers it is not found as a fact that the defendant was a nonresident when the action was commenced"; also, order denying removal on the ground that "court is of the opinion that this cause is not removable to the United States court."

[7] If the decision and order of the state court was based upon the alleged insufficiency of the petition, because it did not contain an affirmative allegation that defendant was a nonresident of the state (which does not seem to be the purport of the decision and order), then that decision was not in accord with the decision of this court. Lawrence v. Southern Pac. Co. (C. C.) 165 F. 241.

Undoubtedly there are conflicting decisions as to the necessity of affirmatively alleging that defendant is a nonresident of the state where the suit is brought, but the law in this district was laid down in and by this court in Lawrence v. Southern Pac. Co., supra, in which, at page 243, Judge Chatfield says:

"The plaintiff has also raised the technical objection to the petition on removal, upon the authority of Fife v. Whittell (C. C.) 102 F. 537, that the allegations show affirmatively the residence of the defendants in question, but contain no statement that they are nonresidents of the state of New York. Under the present policy of the United States courts, as expressed by Kinney v. Columbia Savings, etc., Ass'n, 191 U. S. 78, 24 S. Ct. 30, 48 L. Ed. 103, In re Moore, 209 U. S. 490, 28 S. Ct. 585, 706, 52 L. Ed. 904 [14 Ann. Cas. 1164], and Western Loan & Savings Co. v. Butte & Boston Consolidated Mining Co., 210 U. S. 368, 28 S. Ct. 720, 52 L. Ed. 1101, it would seem that Zebert v. Hunt (C. C.) 108 F. 449, states the better rule, and that allegations showing nonresidence are sufficient for the retention of jurisdiction, even if the direct statement of nonresidence is not set forth in the words of the statute."

The allegations of the petition that the "plaintiff, the Queensboro National Bank of the City of New York, was at the time of the commencement of this suit, and still is, a citizen of the state of New York, and that your petitioner, William F. Kelly, was at the time of the commencement of this suit, and still is, a citizen of the state of New Jersey, legally domiciled at Crosswicks Road, Bordentown, county of Burlington, state of New Jersey," are sufficient, and therefore the state court should have accepted it and the bond which it approved, and proceeded no further in such suit.

[8] The defendant Kelly in the first above entitled action did not waive his right to a removal to the federal court, because, when the state court ruled that the right of removal did not exist and it had jurisdiction, he did not desert the case and allow the plaintiff to take judgment by default. His right to removal being ignored by the state court, he was at liberty to make a defense, and he did not forfeit or impair, in the slightest degree, his right to a trial in this court. Steamship Co. v. Tugman, supra; Meyer v. Construction Co., 100 U. S. 457, 25 L. Ed. 593.

The cases cited by plaintiff to show a waiver by the defendant are not in point. In Marckwald v. Oceanic Steam Navigation Co., 11 Hun (N. Y.) 462, the defendant did not refer on the trial to the application he had made to remove the case, while in the case at bar defendant Kelly raised the question of jurisdiction in the subsequent proceeding in the state court, and was overruled before he proceeded to defend. In Texas & Pacific Railway v. Eastin, 214 U. S. 153, 29 S. Ct. 564, 53 L. Ed. 946, defendant sought affirmative relief in the State court against a third party whom he asked the court to bring in, while in the case at bar the defendant Kelly has done nothing but defend.

The proof that he is, and was at the time of the commencement of the first above entitled action, a citizen and resident of New Jersey (furnished by the defendant Kelly by affidavits on the motion to remand), taken in conjunction with his petition, is convincing, whereas I am unable to find in any of the papers submitted by the plaintiff in said action, on its motion to remand, any denial of diversity of citizenship, but at most an attempt to draw inferences from the acknowledged former residence and citizenship of the defendant Kelly in the state of New York.

[9] As I believe the first above entitled action has been properly removed to this court, and the plaintiff in the face of that removal has continued to proceed in the state court, the motion of William Kelly, the plaintiff in the second above entitled action, for a preliminary and provisional injunction is properly made. Donovan v. Wells, Fargo & Co., supra: Chesapeake & Ohio Ry. v. Cockrell, supra, at page 154 (34 S. Ct. 278).

The motion of The Queensboro National Bank of the City of New York, the plaintiff

in the first above entitled action, to remand the same to the Supreme Court, is denied. The motion of William Kelly, the plaintiff in the second above entitled action, for a preliminary and provisional injunction, is granted.

Settle orders on notice.