**POLITO v. MOLASKY et al.**
No. 12063.

Circuit Court of Appeals; Eighth Circuit.
Nov. 10, 1941.
Rehearing Denied Nov. 26, 1941.

N. Murry Edwards, of St. Louis, Mo., for appellant.

John S. Marsalek, of St. Louis, Mo. (Will B. Dearing, Theo. J. Krauss, and Moser, Marsalek & Dearing, all of St. Louis, Mo., on the brief), for appellee Merchants Motor Freight, Inc.

Waldo C. Mayfield, of St. Louis, Mo. (Bartley & Mayfield, of St. Louis, Mo., on the brief), for appellee Hervey Williams.

Before GARDNER, SANBORN, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

This is an action commenced March 16, 1940, by the appellant as plaintiff in the Circuit Court of the City of St. Louis, Missouri, against the defendants William Molasky, Dorothy Molasky, and Merchants Motor Freight, Inc. to recover damages in the sum of $45,000 for personal injuries alleged to have been the proximate result of the joint and concurrent negligence of the defendants.

The accident resulting in the injury complained of is alleged to have occurred in the city of St. Louis on January 19, 1940, when an International delivery truck, tractor and trailer operated by the defendants collided with a city fire engine on the rear of which plaintiff was riding, causing plaintiff to be thrown to the street.

On April 1, 1940, the defendant Merchants Motor Freight, Inc., filed its petition and bond in the state court for removal to the federal court on the ground of diversity of citizenship, separable controversy and fraudulent joinder. In the peti-tion for removal it was alleged that plaintiff is a citizen of Missouri; that the petitioning defendant is a citizen and resident of Minnesota; that the defendants Molasky are citizens of Missouri; and, in substance, that the Molaskys were not proper parties in that they had no connection with the accident described in the complaint and were fraudulently joined as defendants.

On April 2, 1940, plaintiff filed an amended petition in the state court making one Hervey Williams a party defendant and causing summons, issued out of the state court, to be served upon him.

On April 3, 1940, an order of removal was entered in the state court and the case was removed to the federal court.

On April 27, 1940, the defendant Merchants Motor Freight, Inc., filed its answer in the district court.

On April 30, 1940, the plaintiff filed his motion to remand the case to the state court, in which motion he traversed the material allegations of the petition for removal. This is referred to in the record as the first motion to remand. There was a hearing on this motion May 6, 1940, and it was by the court overruled.

On May 9, 1940, the plaintiff filed an amended petition in the district court making Hervey Williams a party defendant, and on the same day filed a second motion to remand. As grounds for removal, in addition to those alleged in the first motion, the plaintiff alleged that the defendant Hervey Williams is a citizen of Missouri; and that the defendant Merchants Motor Freight, Inc., has waived any right of removal which it might have had by designating one Richard Phelps of St. Louis as its agent for service of process in Missouri, thereby consenting to be sued in the courts of Missouri.

The court on August 5, 1940, after a hearing, overruled the second motion to remand.

Upon motion of Merchants Motor Freight, Inc., the case was consolidated for trial with the case of Neudeck against the movant and the Molaskys. The trial resulted in a directed verdict for the Molaskys and a verdict of the jury in favor of the defendants Merchants Motor Freight, Inc., and Hervey Williams, upon which verdicts the judgment here appealed from was entered.

In this court the appellant, plaintiff below, contends that the court erred (1) in failing to sustain his first motion to re-

mand; (2) in failing to sustain his second motion to remand; and (3) in ordering the case consolidated for trial with the Neudeck case.

To support the contention that the first motion to remand should have been sustained appellant argues (a) that the petition for removal does not allege facts sufficient to substantiate the conclusion that the Molaskys were fraudulently joined as defendants; (b) that Hervey Williams, an alleged citizen of Missouri, was properly joined as a defendant in the state court; and (c) that Merchants Motor Freight, Inc., failed to sustain the burden of proof cast upon it to establish bad faith and fraudulent joinder.

■ The law is that where a resident defendant is joined, the joinder, although fair upon its face, may be shown by a petition for removal to be only a sham or fraudulent device to prevent removal; but the showing must consist of a statement of facts rightly leading to that conclusion apart from the pleader's deductions. "Merely to traverse the allegations upon which the liability of the resident defendant is rested, or to apply the epithet 'fraudulent' to the joinder, will not suffice: the showing must be such as compels the conclusion that the joinder is without right and made in bad faith." Chesapeake & Ohio R. Co. v. Cockrell, 232 U.S. 146, 152, 34 S.Ct. 278, 280, 58 L.Ed. 544. See, also, Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144; Leonard v. St. Joseph Lead Co., 8 Cir., 75 F.2d 390; Morris v. E. I. Du Pont De Nemours & Co., 8 Cir., 68 F.2d 788. In the instant case the defendant in its petition to remove alleged "that at the time of the accident referred to in plaintiff's petition filed herein, defendants William Molasky and Dorothy Molasky, or either of them, did not own, operate, control or in any way whatsoever have any connection, legal or otherwise, with the International delivery truck, tractor and trailer referred to in plaintiff's petition filed herein, or the driver thereof, all of which plaintiff, or his attorney of record herein, knew at the time of the institution of this action, or might have readily ascertained."

It is true that these allegations are in the negative; but under the circumstances nothing more could have been alleged. The defendant placed before the court the only facts possible. This identical problem was presented to this court in Leonard v. St. Joseph Lead Co., 8 Cir., 75 F.2d 390, and

we there held that the petition for removal was sufficient. That decision is controlling here.

■ The second argument is likewise without merit. A sufficient petition for removal and bond were filed in the state court on April 1, 1940. The amended petition, attempting to make Hervey Williams a party defendant, was not filed in the state court until the following day. It is familiar law that upon the filing of a proper petition and a legal bond, the suit being removable under the statute, the jurisdiction of the state court absolutely ceased and that of the federal court immediately attached. New Orleans, M. & T. Railroad Co. v. Mississippi, 102 U.S. 135, 141, 26 L. Ed. 96; National Steamship Company v. Tugman, 106 U.S. 118, 122, 1 S.Ct. 58, 27 L.Ed. 87; Manning v. Amy, 140 U.S. 137, 140, 11 S.Ct. 707, 35 L.Ed. 386. It is not even necessary that an order of removal be secured. Kingston v. American Car & Foundry Co., 8 Cir., 55 F.2d 132, 136, and cases cited.

■ The right of removal could not be affected by the filing of the amended petition in the state court, and the district court did not err in refusing to consider it on the motion to remand. In Pullman Co. v. Jenkins, 305 U.S. 534, 537, 59 S.Ct. 347, 349, 83 L.Ed. 334, in affirming Jenkins v. Pullman Co., 9 Cir., 96 F.2d 405, the Supreme Court said:

"On appeal, the Circuit Court of Appeals, passing the other questions, held that if it did not sufficiently appear at the time of the petition for removal that the cause was not separable, it did so appear when the second amended complaint was filed and hence that the District Court erred in denying the motion to remand. 96 F.2d page 410. This ruling was placed upon an erroneous ground. The second amended complaint should not have been considered in determining the right to remove, which in a case like the present one was to be determined according to the plaintiffs' pleading at the time of the petition for removal."

■■ It is further argued that at the hearing upon the first motion to remand the defendant did not sustain the burden of proof to establish the fraudulent joinder of the Molaskys as defendants. The burden of proof, it is pointed out, is upon the removing defendant to prove bad faith and fraudulent joinder by clear and convincing evidence. Davis v. Standard Oil Co. of Indiana, 8 Cir., 47 F.2d 48; Leonard v. St.

Joseph Lead Co., supra. The evidence introduced at the hearing showed conclusively that the Molaskys had no connection with the accident out of which the alleged cause of action arose nor with the parties involved in it. They knew nothing about it. It appeared also that plaintiff joined them as defendants through a mistake of fact which might by the exercise of diligence have been discovered. The joinder was so baseless that it was fraudulent as a matter of law. Leonard v. St. Joseph Lead Co., 8 Cir., 75 F.2d 390, 394, 396; Wecker v. National Enameling & Stamping Co., 204 U.S. 176, 185, 27 S.Ct. 184, 51 L.Ed. 430, 9 Ann.Cas. 757; Locke v. St. Louis-San Francisco R. Co., 8 Cir., 87 F.2d 418, 420; Johnson v. Kurn, 8 Cir., 95 F.2d 629, 630; Rhodes v. Dierks Lumber & Coal Co., 8 Cir., 108 F.2d 846, 847; Breymann v. Pennsylvania, O. & D. R. Co., 6 Cir., 38 F.2d 209, 210; Huffman v. Baldwin, 8 Cir., 82 F.2d 5, 7.

The court properly overruled the first motion to remand.

Appellant's contention that his second motion to remand should have been sustained is based upon the claims (1) that when a plaintiff voluntarily amends his petition so that on the face of the record the federal court is without jurisdiction, it is the duty of the court to remand the case to the state court; and (2) that the defendant Merchants Motor Freight, Inc., having appointed an agent for service of process in Missouri, thereby consented to be sued in that state and thereafter had no right to remove a case in which it was sued as a defendant to the federal court.

The first of these arguments is predicated upon the fact that plaintiff amended his petition in the federal court on May 9, 1940, making Hervey Williams a party defendant and alleging that he was the driver of the truck involved in the accident on January 19, 1940, and that he, like the plaintiff, was a resident of Missouri.

Section 37 of the Judicial Code, 28 U.S. C.A. § 80, provides that: "If in any suit commenced in a district court, or removed from a State court to a district court of the United States, it shall appear to the satisfaction of the said district court, at any time after such suit has been brought or removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said district court, or that the parties to said suit have been improperly or collusive-

ly made or joined, either as plaintiffs or defendants, for the purpose of creating a case cognizable or removable under this chapter, the said district court shall proceed no further therein, but shall dismiss the suit or remand it to the court from which it was removed, as justice may require."

Under the foregoing statute the court properly regarded the second motion to remand as a plea to the jurisdiction (Harrington v. Great Northern R. Co., C.C.-Iowa, 169 F. 714, 716) and had a hearing to determine whether the dispute or controversy was properly within the jurisdiction of the court. The inquiry was to determine whether the parties were residents of the same or different states, particularly to discover whether the defendant Hervey Williams, brought into the case as a defendant by the amended petition, was a resident of the state of Missouri where the plaintiff resided. Employers Reinsurance Corp. v. Bryant, 299 U.S. 374, 381, 57 S.Ct. 273, 81 L.Ed. 289. Evidence upon this point was received and considered and the court found that "Hervey Williams was not a party defendant at the time of removal and it does not now appear that he is or was at any date material to this controversy, a resident of the State of Missouri * * * beginning about April 17, 1939, * * * and until he moved to East St. Louis, Illinois, about May 14, 1940, he resided at Keokuk, Iowa." Upon this finding, which is based upon abundant and substantial evidence, the court held that "The amendment [to the petition] does not divest the Court of jurisdiction." The ruling is correct, and it cannot be disturbed by this court. The cases cited by appellant are not in point.

To support his contention that the defendant Merchants Motor Freight, Inc., a resident of the state of Minnesota, waived its right to remove the case to the federal court and voluntarily consented to the jurisdiction of the Missouri courts by appointing an agent within the state for service of process, appellant relies upon the decision of the Supreme Court in Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A. L.R. 1437.

Upon the hearing on the second motion to remand the appellant introduced in evidence a certified copy from the office of the Secretary of State of Missouri of "Appointment of Agent of Foreign Corpora-

tion" which reads that "R. M. Phelps has been duly appointed by said corporation [Merchants Motor Freight, Inc.] as its principal agent or officer in Missouri, upon whom legal service may be obtained, and that he is duly authorized to represent said corporation in said state." Nothing contained in this certificate can be said to constitute a waiver of the right to remove a case from the state to the federal court, nor to estop the defendant from removing a cause of action against it from the state to the federal court on the ground of diversity of citizenship by timely and proper compliance with the removal statute. The Neirbo case, supra, does not hold to the contrary. So far as material here that case holds only that the filing by a foreign corporation of a consent to be sued in the courts of a state is an effective consent to be sued in the federal courts of the same state. The opinion points out that the decision does not subject the federal procedure to the requirements of the state law. The meaning of the appointment under the state statute is, however, under that decision to be determined by state law. In this instance the Supreme Court of Missouri has spoken with reference to the meaning of such an appointment of a local agent by a foreign corporation in the case of Herryford v. Ætna Ins. Co., 42 Mo. 148, wherein the court said: "It [a foreign corporation having appointed an agent for service of process] has the same right to remove the case into the courts of the United States that any other citizen of another State would have when sued in this State. It has made no contract by which this right could be divested." See State ex rel. Henning v. Williams, 345 Mo. 22, 131 S.W.2d 561, 565.

The contention that the appointment of an agent in Missouri for the service of process is a waiver of the right of removal is without merit.

■ Finally, it is asserted that the court erred in ordering this cause consolidated with that of Neudeck v. Merchants Motor Freight, Inc. The motion to consolidate the two cases stated that both were pending in the court; that they arose out of the same alleged collision between a fire engine and a truck; and that they both involve a common question of law and facts. These allegations bring the case squarely within the discretion of the court under rule 42(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. There is no denial of the allegations of the

motion and no showing of any prejudice. There was no abuse of discretion.

The judgment appealed from is affirmed.